BARTLETT v. CHICAGO, R. I. & P. RY. Co.

No. 2097, Okla. T. Opinion Filed June 23, 1908.

(96 Pac. 468.)

DEATH—Right of Action—Suit by Widower—Pleading—Demurrer. In an action for damages by a widower for the death of his wife, caused by the wrongful act of another, it is not error to sustain a demurrer to the petition when it fails to show there are no children, under a statute (section 413, article 18, chapter 66, par. 4611, Wilson's Rev. & Ann. Stat. Okla. 1903), which provides that such damages must inure to the exclusive benefit of the widow and children, if any, or next of kin.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; C. F. Irwin, Judge.*

Action by James Bartlett against the Chicago, Rock Island & Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

The facts out of which this action grows are averred to be that on the 28th day of August, 1902, James Bartlett and Lilly A.

Bartlett were husband, and wife, and that on the said date the wife was killed by the negligent operation of a freight train on the line of the defendant railroad company. Plaintiff brought his action in the district court of Kingfisher county within two years thereafter, and the right which he claimed was set forth in the petition to be as follows:

"That the plaintiff and Lilly A. Bartlett herinafter mentioned were on the 28th day of August, 1902, husband and wife, and were residents of the state of Missouri, and plaintiff still is a resident of said state of Missouri."

This allegation was followed by averments setting up the facts by which the death of his said wife is alleged to have occurred. A demurrer was filed to the petition, which was sustained and the case is before us by virtue of proceedings in error properly instituted in the Supreme Court of the territory of Oklahoma.

*D. K. Cunningham,* for plaintiff in error.

*M. A. Low, Blake, Blake & Low,* and *J. C. Robberts,* for defendant in error.

DUNN, J. (after stating the facts as above). The law relating to actions of this character is set out in sections 413 and 414 of article 18. c. 66, par. 4611, 4612, Wilson's Rev. & Ann. St. Okla. 1903. These provisions are as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased.

"That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in section four hundred and thirteen of this chapter, is or has been at the time of his death in any other state or territory, or when, being a resident of this territory, no personal representative is or has

been appointed, the action provided in said section four hundred and thirteen may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

By the section first quoted it will be observed that the action in such cases shall be brought by the personal representatives of the deceased, and that the damages must "inure to the exclusive benefit of the widow and children, if any, or next of kin." The second section undertakes in no wise to modify the first, except that it provides that where the deceased was a nonresident, or where no personal representative had been appointed, suit could be brought and maintained by either "the widow, or where there is no widow, by the next of kin of such deceased." This is the distinction between these two sections. The second section was passed for the purpose, as is said by Justice Johnson of the Supreme Court of the state of Kansas in the case of *A., T. & S. F. R. R. Co. v. Napole*, 55 Kan. 401, 40 Pac. 669, of making "an existing cause of action available where the deceased was a nonresident of the state, or where, being a resident, no personal representative is or has been appointed." And, further, holding that "the amendment does not create a new cause of action nor impose any limitation on an existing one. It simply changes the remedy, by providing that the cause of action given by section 422 shall not be lost on account of the nonresidence of the deceased or the nonappointment of a personal representative." The amendment to which reference is made is section 423 of the Code of Civil Procedure of the state of Kansas, which was added to the law by the Legislature of that state in 1889. Section 422 of their Code being the same as section 413 of ours, and section 423 of their Code being the same as section 414 of ours.

It will thus be seen that the right of action in this case does not depend in any degree upon the second section quoted above but that the law depends entirely upon the provisions of the first.

The petition is assailed principally upon two grounds: First, is the widower in a case of this character next of kin and entitled to recover under the statutes quoted? Second, if he is, does this

petition state a cause of action where it fails to allege that there are no children?

In view of the fact that in our judgment a conclusion upon the second proposition will determine the rights of all parties in this case, we do not discuss or pass upon the first.

At common law no action survived where the death was caused by the wrongful act of another. The statute known as Lord Campbell's Act, passed by the English Parliament in 1846, established this right in England, and acts of similar character have been passed by the different Legislatures of the states of the Union. They are, however, far from being uniform, either in the beneficiaries or for those by whom the suit may be prosecuted, and the difference existing between them in this regard accounts for much of the contrariety of opinion in their construction by the courts. Still, different courts have construed the same provisions differently, but upon the proposition on which, in our judgment, this decision turns, there seems to be entire accord and uniformity. The statute reads, "The damages must inure to the exclusive benefit of the widow and children, if any, or next of kin," and the next section under which plaintiff insists he has a right to be heard as next of kin provides, "the action provided for  *  *  *  may be brought by the widow, or where there is no widow, by the next of kin of such deceased." As we have observed, the right to the action is set forth in the first section, and, in order to sustain plaintiff's contention, the same must be construed as if it read, "the damages must inure to the exclusive benefit of the widow, and next of kin," while in our judgment the real meaning of the section would not be changed in any particular if it read, "the damages must inure to the exclusive benefit of the widow and children, if any, and if there is no widow, and are no children, then, and in that event only, the next of kin," and the section last quoted in our judgment does not change this assumed construction when it provides that, in the event of nonresidence of the deceased, "the action may be brought by the widow, or, where there is no widow, by the next of kin of such deceased." For the reason that the

phrase "next of kin," whoever else it may include, certainly after the widow, would include the children, and construing these sections together, before the "next of kin" other than the children may be heard in a suit to recover damages, the petition must show that there are no children. If there are children, in a case of this character, then the action must be brought either by the personal representative of the deceased for their benefit or by the children in their own right, and the judgment of a court is not erroneous which sustains a demurrer to the petition of a widower as "next of kin" where it fails to show that there are no children.

In this holding we are sustained by the Supreme Court of the territory of Oklahoma, and by a large number of other authorities. *Oklahoma Gas & Electric Company v. Lukert,* 16 Okla. 397, 84 Pac. 1076; *Western Union Tel. Co. v. McGill,* 57 Fed. 699, 6 C. C. A. 521, 21 L. R. A. 818; 5 Ency. Pleading & Practice, p. 465; 13 Cyc. 342.

In the case of *Oklahoma Gas & Electric Company v. Lukert, supra,* Justice Irwin, while not passing squarely upon the proposition involved in this case, still declares the principle involved in the following language:

"Now this section 414 provides in express terms that where the residence of the person killed is in this territory, and no personal representative has been appointed, that the action may be brought by the widow, and can only be brought by the next of kin to the deceased where there is no widow. Now the petition in this case alleges that the residence of the person killed was on Chickasaw street, in Oklahoma City, Oklahoma Territory; and that the plaintiff is his widow; that no personal representative has been appointed. It seems to us these allegations bring it clearly within the provisions of this statute which expressly provides that such actions must be brought by the widow; and, by the terms of that section, before the next of kin, which would be his children, could maintain this action, it must be made to appear that there is no widow."

In the case of *Western Union Telegraph Co. v. McGill, supra,* Judge Sanborn, in discussing this proposition states:

"The statute is not ambiguous. It is not the subject of construction. It declares without doubt or question that the widow and children, if there are any, shall have the exclusive benefit of all the damages recovered, and that these damages shall be distributed among them in the same proportions as is the personal property of the deceased; but that if. there is neither widow nor child, then the next of kin shall receive the damages. to be distributed among them in the proportions in which they would receive the personal estate in that event. In other words, the statute declares that, if there are any persons of the first class, the damages must be paid to them exclusively, and no one in the second class can receive any share of them. An elaborate argument has been made to show that this widower is one of the next of kin of his deceased wife. If that were so, it would not be material in the determination of this question. If he were of the next of kin, the loss which he sustained by the death of his wife would not be recoverable in this action, because he would then belong to the second class named in the statute; and there are at least two persons of the first class—the two children in being—who are entitled to all of the damages."

The rule, supported by a large number of authorities, is declared in 5 Ency. Pleading & Practice, p. 465, as follows:

"Where, by statute, the first right of action is given to a party other than the plaintiff, it is essential to allege the death, desertion, or imprisonment of such party, or show by other allegation that the plaintiff has a right to sue; unless the pleadings justify the inference that such parties do not exist."

And in 13 Cyc. 342, it is stated thus:

"Where the statute gives a right of action in favor of a designated class of beneficiaries in existence. the failure to aver in the declaration or complaint the nonexistence of any of such latter class is fatal on demurrer."

We therefore conclude that the judgment of the district court in sustaining the demurrer to this petition was not error, and it is accordingly affirmed.

All the Justices concur.