ENGLEBRECHT v. DAY et al.

No. 33869.   July 5, 1949.

*208 P. 2d 538.*

R. M. Mountcastle, of Muskogee, and George Miskovsky, of Oklahoma City, for plaintiff in error.

Kelly Brown, of Muskogee, for defendants in error.

Hal F. Rambo, of Tulsa, amicus curiae.

O'NEAL, J. This is a proceeding in equity by Warren O. Englebrecht, doing business as Warren's Grocery, hereinafter referred to as plaintiff, against Ernest Day and others, hereinafter referred to as defendants, for an injunction restraining alleged violation by defendants of the Oklahoma "Unfair Sales Act", 15 O.S. 1941 §§591-597, inc.

Plaintiff is engaged in the retail grocery business in Muskogee, Okla. Defendants Ernest Day and Mrs. Ernest Day are husband and wife and are also engaged in the retail grocery business in Muskogee, Okla. Defendant "John Doe" Day is a brother of defendant Ernest Day and was acting as manager of the retail grocery store owned and operated by defendants Ernest Day and Mrs. Ernest Day.

Plaintiff filed his petition in the district court of Muskogee county April 7, 1948, and therein alleges that defendants did, on April 5, 1948, advertise for sale, offer for sale and sell at retail certain articles of merchandise (nine in number) separately named, at less than cost to the retailer as defined in said Act. Plaintiff further alleges that defendants had stated that they would continue to advertise for sale, offer for sale and sell at retail the foregoing items of merchandise and other items in their store in violation of the terms, restrictions and provisions of said Act. He further alleges that the items referred to were advertised for sale, offered for sale and sold at prices which cannot be justified by prevailing market conditions within the State of Oklahoma, and that said items of merchandise were advertised for sale, offered for sale and sold to the general public as "bait" with the intent or effect of inducing the purchase of other merchandise; that defendants specifically intended to violate said Act in resorting to what is commonly known as "bait" or "loss leader" merchandise with the hope of deceiving the public by luring them with this "bait" or "loss leader" merchandise into their store, hoping thereby that unsuspecting customers thus lured into the store would purchase other merchandise at unreasonably high mark-up, and that said advertising for sale, offering for sale and selling was made with the intent or effect of inducing the purchase of other merchandise and with the intent of unfairly diverting trade or otherwise injuring the plaintiff who is a competitor, and with the intent or effect to impair and prevent fair competition and injure public welfare and with the intent to substantially lessen competition and unreasonably restrain trade.

A temporary restraining order and later a temporary injunction was issued.

Defendants filed a general and special demurrer to the petition. The special demurrer attacked the constitutionality of the Unfair Sales Act as a violation of the Federal and State Constitutions. The demurrer came on to be heard and, pending the hearing on the demurrer, plaintiff asked and was granted leave to amend his petition by striking out the words "or effect" wherever they were used in the petition in connection with or following the words "with the intent", so as to make the petition charge that the alleged advertising for sale, offering for sale and selling said items of merchandise was with the intent of inducing the purchase of other merchandise and with the intent to impair and prevent fair competition and injure public welfare.

After the petition was so amended, defendants refiled their demurrer thereto. After further hearing the court sustained the demurrer on the ground that the Act (15 O.S. 1941 §§591-597, inc.) under which the cause was instituted and prosecuted, is unconstitutional and void for the reason that section 593 contains language rendering the same unconstitutional by setting out the clause "or effect" after the clause "with the intent". Plaintiff excepted and elected to stand upon the petition as amended, whereupon the cause was dismissed, and plaintiff appeals.

Four assignments of error are presented under two propositions. The first is that the Oklahoma Unfair Sales Act, 15 O.S. 1941 §§591-597, inc., is constitutional.

Plaintiff, conceding that although the general policy· of an Act of the nature of the one herein involved is for the Legislature to pass upon and not a proper subject for consideration by this court, goes quite at length into the question of the desirability of such legislation and its beneficial effects and evils of the practice of selling merchandise at less than cost to the seller and "loss leader" practices. In this connection plaintiff quotes from an article by the late Justice Brandeis, published in 1913, entitled "Cut-Throat Prices, the Competition That Kills."

In reply thereto defendants go somewhat at length into the alleged history and general purpose of such legislation and assert in substance that such legislation, now adopted in some 32 states, and its enforcement, has in a general way been promoted by groups such as Retail Merchants Associations for their protection and that such legislation generally tends to prevent competition and protects merchants already in business and especially members of such associations against newcomers who enter the field as their competitors. Defendants further assert that such legislation has all the earmarks of monopoly or intended monopoly. In reply to the argument of plaintiff, including the quotation from the article by Justice Brandeis, defendants quote from the Yale Law Journal, January, 1948, issue, to the effect that several years' experience under such statutes, reveal them as particularly undesirable and that while the courts have generally agreed that they were intended "to prevent monopoly" or "to prevent anarchy in commerce," the record has not shown their sanction to protect small sellers from large scale campaigns of underselling, but, to the contrary, the laws have been used primarily by trade associations and larger units in order to prevent local price cutting and to enforce a diciplinary system of price leadership which these units desire to establish; and "Moreover, there is some evidence that the acts have been utilized as a means of raising prices."

But in this case we are not concerned with the question of policy or the exigency of such acts generally. Some of the earlier acts in some of the states were held to be unconstitutional as restrictive of the right of the individual to sell his property at whatever price he could agree upon with his purchaser. Other acts were declared unconstitutional because the business regulated was not affected with the public interest, such as operating public utilities. But since the decision in Nebbia v. New York, 78 L. Ed. 940, 89 A.L.R. 1469, it is generally recognized that there is no closed class or category of business affected with the public interest and that the function of courts under the Fifth and Fourteenth Amendments to the Federal Constitution is to determine in each case whether under the circumstances the regulation is a reasonable exertion of governmental regulations, or is ˋarbitrary or discriminating, and that the phrase "affected with a public interest," as used in decisions upholding public regulation of business affected with the public interest, means only that an industry for adequate reasons is subject to control for the public good.

Nebbia v. New York, supra, holds:

"So far as the due process requirement is concerned, a state is free to adopt and enforce whatever economic policy may reasonably be deemed to promote public welfare, whether by promoting free competition by laws aimed at monopolies, or by curbing harmful competition by fixing maximum prices.

"The Constitution does not secure the liberty to conduct a business so as to injure the public at large or any substantial group."

Nebbia v. New York, supra, deals only with the statute which authorizes the State of New York to create a commission with power to fix a maximum and a minimum price for which milk can be sold to consumers in that state.

After the decision in Nebbia v. New York, supra, a number of states have enacted statutes generally intended to prevent the sale of merchandise by wholesalers or retailers at less than cost to the seller and declaring such practice to be contrary to public policy and unfair competition. It is now generally held that:

" . . . With the wisdom of the policy adopted, with the adequacy or practicability of the law enacted to forward it, the courts are both incompetent and unauthorized to deal. . . ." 291 U. S. 537, 54 S. Ct. 516, 89 A.L.R. 1483.

A number of the earlier statutes on the subject were declared unconstitutional, not because of the lack of authority or power of the Legislature to regulate such matters, but because of some specific provision or omission of of the Act.

The Act here involved is Title 15, chapter 14, Session Laws 1941, and contains seven sections exclusive of the emergency clause and is the same as 15 O.S. 1941 §§591-597, Inc.

It is because of the provisions of section 3 of the Act (15 O.S. 1941 §593) that the trial court held the Act unconstitutional. Said section provides:

"It is hereby declared that any advertising, offer to sell, or sale of any merchandise, either by retailers or wholesalers, at less than cost as defined in this Act, with the intent, or effect, of inducing the purchase of other merchandise or of unfairly diverting trade from a competitor or otherwise injuring a competitor, impair and prevent fair competition, injure public welfare, are unfair competition and contrary to public policy and the policy of this Act, where the result of such advertising, offer or sale is to tend to deceive any purchaser or prospective purchaser, or to substantially lessen competition, or to unreasonably restrain trade, or to tend to create a monopoly in any line of commerce."

Section 594 makes a violation of the Act by any retailer or wholesaler a misdemeanor punishable by fine not to exceed $500. Section 595 provides for injunctive relief in an action by any person who is damaged or who is threatened with loss or injury by reason of a violation of the Act. Section 596 exempts from the provisions of the Act some eight classes of sales, none of which is herein involved. The particular words or clause which the trial court held rendered the Act unconstitutional is an inclusion of the words "or effect" immediately after the words "with the intent" in section 3 of the Act, section 593, 15 O.S. 1941, so as to make sales by retailers or wholesalers at less than the cost to the seller as defined in the Act contrary to public policy, and a violation thereof a crime, and to constitute a tort subject to injunctive restraint, where such sales are made with the effect of inducing the purchase of other merchandise or unfairly diverting trade from a competitor or otherwise injuring a competitor, impair or prevent fair competition, injure the public welfare or with the effect of inducing the purchasing of other merchandise, etc., although there be no such intent on the part of the seller. But in either event the result of such advertising for sale, offering to sell or selling must be to tend to de-

ceive any purchaser or prospective purchaser or to substantially lessen competition or to unreasonably restrain trade or to create a monopoly in any line of trade.

In Daniel Loughran Co., Inc., et al. v. Lord Baltimore Candy & Tobacco Co., Inc., et al., 178 Md. 38, 12 Atl. 2d 201, the constitutionality of an Act of the Legislature of the State of Maryland containing in almost identical language all of the essential provisions in the Act here under consideration was in question. Therein it is said:

"At common law the right of the individual to dispose of his property or his services at such price as he and the purchaser may agree upon is firmly established, and inasmuch as the Act now under consideration is in derogation of that common right, it must be strictly construed. . . ."

But under our law, 12 O.S.A. §2 and 25 O.S.A. §29, statutes in derogation of the common law shall be liberally construed to promote their object.

The Act here under consideration, and particularly section 3 thereof (§593, 15 O.S. 1941) changes or modifies the common law rule or public policy as to the right of the individual to dispose of his property or service at such price as he and the purchaser may agree upon. As to sales by retailers and wholesalers, it establishes or declares a public policy contrary to and in derogation of the common law rights and therefore must be liberally construed.

The section of the Maryland Act declaring the public policy of that state contained the words "with the intent, effect, or result", etc. In the Lord Baltimore Candy & Tobacco Company case, supra, the Act was held unconstitutional, apparently upon the ground of uncertainty of a provision relating to the determination of cost identical to that appearing in subdivision (e), 15 O.S. 1941, §592, which provides:

" . . . purchases made by retailers and wholesalers at prices which cannot

be justified by prevailing market conditions within this State shall not be used in determining the cost to the retailer and (or) cost to the wholesaler."

The Maryland Act was also held unconstitutional because of the inclusion of the words "effect, or result" after the words, "with the intent." Later, the Maryland Act was amended, Acts 1941, c. 330, by striking out the provisions with reference to market conditions in the state in connection with determination of cost and omitting the words "effect, or result" after the words "with the intent," in the section declaring the public policy of the state so as to limit sales condemned by the Act to sales, etc., made with the intent to unfairly divert trade, etc.

Under liberal construction the uncertainty of the provision relating to the determination of cost, hereinafter discussed, still exists.

In People v. Victor, 287 Mich. 506, 283 N.W. 666, an Act which made it unlawful for any person in the state engaged in the manufacture, distribution or sale of bakery products or petroleum products with the intent to injure or destroy a competitor, to give, offer to give, or advertise the intent to give away any commodity for the purpose of promoting the sale of any other product, was declared unconstitutional, but the question of "with intent or effect" was not there involved.

In Great Atlantic & Pacific Tea Co. v. Ervin, Atty. Gen., et al. (Minn.) 23 Fed. Supp. 70, a Minnesota statute containing many provisions similar to the provisions of the Oklahoma statute was declared unconstitutional on six different grounds.

In McElhone v. Geror, 207 Minn. 580, 292 N. W. 414, the Supreme Court of Minnesota upholds a later Act of the Legislature amending the Act condemned in Great Atlantic & Pacific Tea Co. v. Ervin, Atty. Gen., et al., supra. The Act as amended prohibited sales at less than cost for the purpose or with the

effect of injuring competitors and destroying competition. With respect thereto, the court, in McElhone v. Geror, said:

"The present statute prohibits sales at less than cost for the purpose or with the effect of injuring competitors and destroying competition. Intent to injure is not essential to violation. This is not fatal to the act. Sales below cost which have the effect of injuring competition may be prohibited regardless of intent."

In State ex rel. English v. Ruback, 135 Neb. 335, 281 N.W. 607, the Supreme Court of that state held invalid a statute which contained a section making it unlawful to sell or advertise for sale any article or product or service or output of a service at less than the cost thereof to the vendor, or to give, offer to give or advertise the intent to give away any article, product or service or output of a service trade where the effect of such sale, etc., "may lessen, injure, destroy, prevent, hinder or suppress the competition of competitors," and the sale, etc., condemned was made unlawful without either "intent" or "effect". With respect thereto the court said:

". . . Does the language of section 3 of the unfair practices act possess the requisite definiteness to properly define a legal offense? It contains no definition of criminal intent, or of evil or criminal purpose, or of guilty knowledge. It is to be remembered that innocence must always be presumed. Under the terms of such section 3, criminality must be determined and punishment inflicted wholly without reference to the intent, purpose or actual knowledge of the seller, solely because, as a result of what is done, such act 'may lessen, injure, destroy, prevent, hinder or suppress the competition of competitors.' "

In said cause the court quoted with approval from Fairmont Creamery Co. v. Minnesota, 274 U.S. 1, 10, 47 S. Ct. 506, 508, 71 L. Ed. 893, 52 A.L.R. 163, the following:

" 'It is not permissible to enact a law which, in effect, spreads an all-inclusive net for the feet of everybody, upon the chance that, while the innocent will surely be entangled in its meshes, some wrongdoers also may be caught.' "

Said Act was condemned for the further reason that the provision "may lessen", etc., includes a mere possibility. It was held that this provision rendered that section of the Act indefinite, uncertain and void and insufficient to sustain a prosecution thereunder. In effect, the decision in that case is that intent is a vital element of any statute creating or defining a crime and that "effect" without intent is insufficient.

In State v. Packard-Bamberger & Co., Inc., 123 N.J.L. 180, 8 Atl. 2d 291, the Supreme Court of New Jersey held that the Fair Sales Act of that state was unconstitutional, but the question of "intent or effect" was not therein involved. The Act was held unconstitutional on other grounds.

In Serrer v. Cigarette Service Co. (Ohio App.) 74 N.E. 2d 853, the Supreme Court of Ohio held the Unfair Sales Act of that state was unconstitutional on various grounds, but not including the question of "intent or effect."

Plaintiff cites Rust et al. v. Griggs, 172 Tenn. 565, 113 S.W. 2d 733, and asserts that the court in that case sustained the Tennessee Act which contains almost identical language as that contained in section 3 of the Oklahoma Act, including the words "at less than cost as defined in this Act with intent or effect of inducing the purchase of other merchandise", etc. Examination of that case will disclose that the Act there under consideration was assailed as unconstitutional on some seven or eight grounds, but the "with intent or effect" provision was not one of them. That provision was not assailed and was not discussed or passed upon. The only place it appears in the opinion is a quo-

tation from the section which contains the words. It can hardly be said that the question was an issue or decided by that court.

Plaintiff also cites People v. Pay Less Drug Store, 25 Cal. 2d 108, 153 P. 2d 9; Associated Merchants of Montana v. Ormesher, 107 Mont. 530, 86 P. 2d 1031; and State v. Langley, 53 Wyo. 332, 84 P. 2d 767. These cases go only to the question of policy of the Act and method of ascertainment of cost. The question of "intent or effect" was not in any of said cases.

From all of the cases cited it appears that wherever the statute contained the words "with intent or effect" or "with the intent, effect, or result", etc., and the constitutionality of the Act was challenged on that ground or on that ground with others, such Act is generally held to be unconstitutional. The apparent exception is McElhone v. Geror, supra, wherein the Supreme Court of Minnesota said:

". . . Intent to injure is not essential to violation. This is not fatal to the act. Sales below cost which have the effect of injuring competition may be prohibited regardless of intent."

We are unwilling to agree with the Supreme Court of Minnesota in that statement.

The trial court did not err in holding the Act, 15 O. S. 1941 §§591-597, inc., unconstitutional because section 593 contained language setting out the clause "or effect" after the clause "with intent". The reason is that said provision is violative of the "due process" clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and is also violative of the "due process" clause, section 7, article II, of the Constitution of the State of Oklahoma.

Under the second proposition plaintiff contends that the court erred in sustaining the demurrer to the petition as amended by striking out the words "or

effect" wherever they appear therein after or in connection with the words "with · intent".

It is asserted that under the separability section, section 7 of the Act (15 O.S. 1941 §597) the words "or effect" may be stricken or eliminated and the remaining part of the Act still be valid and fully operative and enforceable.

The rule is:

"The unconstitutionality of a portion of an act of the Legislature does not defeat or affect the validity of the remaining provisions unless it is evident that the Legislature would not have enacted the valid provisions with the invalid provisions removed if with the invalid provisions removed the rest of the act is fully operative as a law." Sterling Refining Co. v. Walker, 165 Okla. 45, 25 P. 2d 312.

In Sterling Refining Co. v. Walker, supra, this court also held:

"The effect of a provision in an act to the · effect that the invalidity of any part or portion thereof shall not affect the remaining portions is to create a presumption that, omitting unconstitutional portions, the remaining portions would have been enacted by the Legislature."

Under these rules, if it is not evident that the Legislature would not have adopted the Act omitting the objectional words "or effect" and the Act omitting said words is plain and enforceable, then the Act must be sustained as though said words were not included. The separability section creates the presumption that the Legislature would have adopted the Act with the words "or effect" omitted. We find nothing in the record to overcome that presumption. Therefore, we hold that it is not evident that the Legislature would not have enacted the Act in question had the words "or effect" been omitted therefrom wherever they followed or appeared in connection with the words "with the intent".

The question arises, would the Act as written except with the words "or

effect" omitted wherever they appear after or in connection with the words "with the intent" be enforceable and fully operative as law? We think not.

As noted before, section 3 of the Act, section 593, 15 O.S. 1941, goes only to the declaration of a public policy of the State of Oklahoma differing from the public policy at common law. Section 4 of the Act, section 594, 15 O.S. 1941, and section 5 of the Act, section 595, 15 O.S. 1941, provide for the enforcement of the Act.

Section 594 makes it a misdemeanor for any retailer or wholesaler in contravention of the public policy as declared in the Act to advertise, offer for sale or sell any item of merchandise at less than the cost thereof to the retailer or wholesaler as the case may be as defined in the Act. Section 595 provides the remedy of injunction to prevent and restrain a violation of the Act. It is not made an offense to advertise, offer for sale or sell any item of merchandise at less than cost to the seller alone. It must be incontravention of "the policy of this Act". That means the policy of the Act as declared in section 593 as written and enacted by the Legislature. To change the public policy by changing section 593 by omitting the words "or effect" would be to declare a public policy different from that declared by section 593, and therefore, what would be left would not be the public policy necessary to base a criminal prosecution on, and would not be fully operative and enforceable as a law.

It is not urged by defendants that subdivision (e), 15 O.S. 1941 §592, is unconstitutional. But defendants' demurrer searches the entire record and in view of the fact that the Legislature may desire to amend and re-adopt the Act, we deem it advisable to consider said subdivision (e). That part of said subdivision which provides:

" . . . and purchases made by retailers and wholesalers at prices which

cannot be justified by prevailing market conditions within this State shall not be used in determining the cost to the retailer and cost to the wholesaler"

has been held unconstitutional where challenged, especially in Daniel Loughran Co., Inc., et al. v. Lord Baltimore Candy & Tobacco Co., Inc., et al., supra.

We think the reasons given in that case for holding said provision unconstitutional are sound. Therefore, in addition to affirming the decree of the trial court, we hold that part of subdivision of 15 O.S. 1941 §592, quoted above, unconstitutional and void.

Affirmed.

DAVISON, C.J., and WELCH, CORN, and LUTTRELL, JJ., concur. ARNOLD, V.C.J., and GIBSON, HALLEY, and JOHNSON, JJ., dissent.