# F. W. WOOLWORTH CO. v. TODD.

No. 33451. Feb. 20, 1951.
Rehearing Denied May 22, 1951.

*231 P. 2d 681.*

Hudson, Hudson, & Wheaton, Tulsa, for plaintiff in error.

Lawrence Jones, Bristow, and Streeter Speakman, Jr., Sapulpa, for defendant in error.

Looney, Watts, Ross, Looney & Smith, Oklahoma City, R. H. Wills, Tulsa, and J. B. Dudley, Oklahoma City, amici curiae.

O'NEAL, J. This action was commenced in the district court of Creek county by Eugene Todd, administrator with will annexed of the estate of Cecillia Patterson, deceased, against F. W. Woolworth Company, a corporation, to recover damages for the alleged wrongful death of Cecillia Patterson, the wife of G. S. Patterson. The trial court overruled defendant's demurrer to the evidence and defendant's motion for a directed verdict, and submitted the case to a jury. Verdict and judgment were for plaintiff, and defendant appeals.

The essential facts are undisputed. On December 24, 1936, Cecillia Patterson, while in defendant's store, was injured by a metal frame used for holding signs, which, falling from some distance above, struck her on the left breast, bruising it and breaking loose the cartilage of the sixth rib from the sternum, and injuring other ribs. February 8, 1937, she brought an action against defendant for personal injuries, and on February 2, 1938, obtained a judgment for damages in the sum of $1,250, which was paid by defendant on February 3, 1938. On the same day the judgment was paid, Cecillia Patterson, by and through Roy F. Ford, her attorney of record, executed a release and satisfaction of said judgment, whereby she acknowledged payment in full of the judgment rendered in said action February 2, 1938, and acknowledged full payment of any and all attorney's fees, liens and claims in said cause and released, acquitted and for-

ever discharged the said defendant of and from all liability to and demands of the plaintiff in respect to said cause, or judgment. Also, on the same day, February 3, 1938, Cecillia Patterson, joined by her husband, G. S. Patterson, executed a general release which reads as follows:

"General Release, Husband and Wife.

"Know All Men By These Presents:

"That we, G. S. Patterson and Cecillia Knight Patterson, husband and wife, residing at 1331 South Denver, Tulsa County, Tulsa, Oklahoma and each being of lawful age, for the sole consideration of Sixteen Hundred Fifty and No/100 Dollars ($1650.00), lawful money of the United States of America to us in hand paid, the receipt whereof is hereby jointly and severally acknowledged, have remised, released, and forever discharged and by these presents do, severally and jointly, for ourselves and each of us and for each of our heirs, executors, administrators, and assigns, do hereby remise, release and forever discharge F. W. Woolworth Company and his, her, their, or its successors and assigns, and each of their heirs, executors, and administrators, and all other persons, firms, and corporations, of and from any and all claims, demands, rights, or causes of action, of whatsoever kind or nature, arising from or by reason of any and all known or unknown, foreseen or unforeseen bodily or personal injuries, damages to property, and the consequences thereof, resulting, or to result, from a certain accident which happened on or about the 24th day of December, 1936, for which we have claimed the said F. W. Woolworth Company to be legally liable, which liability is hereby expressly denied.

"In Witness Whereof, we have hereunto set our hands and seals the 3rd day of February in the year one thousand nine hundred thirty eight."

Thereafter, on April 2, 1946, said Cecillia Patterson died of cancer which, from the testimony of medical experts, resulted from the injury received by her on December 24, 1936. Plaintiff, Eugene Todd, was appointed administrator and brought this action. The petition alleges that in so doing he is acting as trustee for Grady S. Patterson, surviving husband and next of kin of deceased. The petition alleges, or sets out, three causes of action. One for damages for the wrongful death, one for pain and suffering of deceased Cecillia Patterson in her lifetime, and within two years next preceding the filing of the action, and one for doctor bills, hospital bills and funeral expenses. The answer of defendant is (1) a general denial; (2) plea of the statute of limitations; (3) the action by Cecillia Patterson and the judgment obtained therein on February 2, 1938, and the release and satisfaction of said judgment by Cecillia Patterson dated February 3, 1938, and (4) the general release executed by Cecillia Patterson and G. S. Patterson, also dated February 3, 1938, quoted above. The trial court in instructing the jury advised the jury that by reason of the contract of settlement, plaintiff could not recover for the pain and suffering of Cecillia Patterson, and that plaintiff could not recover on behalf of the husband for the loss of any services of his wife during her lifetime, or for any medical or hospital bills. The court submitted the cause to the jury on the cause of action for wrongful death, and the cause of action for funeral expenses.

There is some contention that the trial court erred in the admission of certain evidence over the objections of defendant. But in view of the effect of the general release executed by both the husband and wife, the error, if any, in the admission of evidence becomes immaterial.

We then pass to the second contention of defendant: That the sole beneficiary, Grady S. Patterson, for a valuable consideration had released any claim he had because of the death of his wife.

Defendant asserts that the release covered any claim Grady S. Patterson had because of the death of his wife.

Plaintiff contends that "the release in question did not include the cause of action for wrongful death." Stripped of excess verbiage, the contract, or release, is: G. S. Patterson and Cecillia Knight Patterson, for the sole consideration of $1,650 have remised, released and forever discharged and by these presents, severally and jointly do hereby remise, release and forever discharge F. W. Woolworth Company of and from any and all claims, demands, rights, or causes of action of whatsoever kind or nature arising from or by reason of any and all known and unknown, foreseen and unforeseen bodily or personal injuries, resulting or to result from a certain accident which happened on or about the 24th day of December, 1936, for which we have said F. W. Woolworth Company are legally liable.

There can be no doubt that this language was broad enough to include any cause of action in favor of Grady S. Patterson, or the administrator for his benefit, for the death of Cecillia Patterson, resulting or to result from the accident which happened on or about December 24, 1936. The language is plain and unambiguous and is susceptible to no other construction. The uncontradicted evidence is that G. S. Patterson and Cecillia Patterson each received a valuable consideration for the execution of the release. They were paid by separate checks, one for $1,250 to Cecillia Patterson, and one for $400 to G. S. Patterson. If the release by G. S. Patterson is otherwise valid, it operates to release defendant from any liability to G. S. Patterson for the alleged wrongful death of his wife.

In this connection plaintiff contends that the release by the surviving husband, executed before the death of his wife, was void for three reasons:

(a) "It was in violation of Sections 7 and 8 of Article 23 of the Constitution of this state."

(b) "The statute of this state created a new cause of action for wrongful death. The Constitution vouches safe that cause of action and no settlement of same could be had before the cause of action accrued."

(c) "Such contract is contrary to public policy."

For the purpose of this proposition, plaintiff assumes the contract in question to be broad enough that by its terms it attempted to release the defendant from liability for the wrongful death.

Section 7 of article 23 of the Constitution, which plaintiff asserts the release violates, provides:

"The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitations."

The words "shall never be abrogated," as there used, mean: Shall never be annulled or repealed by an authoritative act, that is, shall never be withdrawn or taken away by the authority which bestowed it, that is, the legislative act, or other legislative authority. 1 C.J.S. 349.

It is well known that at common law there was no right of action to recover damages for the wrongful death of a person. That right, if existing, must have been given by legislation. At the time the Constitution was adopted, the right had been given by the Legislature of the Territory of Oklahoma. St. Louis & S. F. Ry. Co. v. Goode, 42 Okla. 784, 142 P. 1185; Chicago, R. I. & P. Ry. Co. v. Holliday, 45 Okla. 536, 145 P. 786, Okla. Statutes 1893, §§4313 and 4314; Compiled Statutes 1909, §945, Revised Statutes 1910, §5281.

The Constitution, Schedule, sec. 2, proposed to extend and continue in force all of the laws in force in the Territory of Oklahoma at the time of the admission of the state into the Union which were not repugnant to the Con-

stitution and not locally inapplicable. That, of course, included section 4313, Oklahoma Statutes 1893. That was one legislative act which the framers of the Constitution desired to keep intact, and to that end they included section 7, article 23 in the Constitution. The intent and effect of that provision is that so long as the provisions of sec. 7, art. 23, of the Constitution, remain as a part of the Constitution, the Legislature, or the people, by initiative petition, may not withdraw, take away, annul, or repeal the provisions of said section 4313, Oklahoma Statutes of 1893. It was not intended by the provisions of section 7 of article 23, of the Constitution, to take away the right of the surviving spouse, and children, if any, or the next of kin, to fully, completely and finally settle for the death or possible death of the injured person. After the injury has occurred, such a settlement is not an abrogation of the right of action to recover, in fact, it is, in a sense, a recognition or insistence of such right, and the agreement to accept a given sum in settlement for the damages is certainly not in limitation of the amount recoverable by any statutory limitation.

To say that the parties themselves could not agree to a fixed amount of recovery by reason of the constitutional provision, would be equivalent to saying that the jury could not limit the amount of the recovery to a given sum, and if a jury could not do so, neither could a court, by judgment, fix or limit the amount recoverable. Hence there would be no means whatever of finally determining how much the wrongdoer should pay for such injury. The construction contended for by the plaintiff would lead to an absurdity.

The settlement, agreement and release by the husband, G. S. Patterson, not being contrary to or prohibited by the constitutional provision, it is binding on the husband and the administrator.

What we have said renders it unnecessary to consider or discuss the question whether by reason of the judgment obtained by Cecillia Patterson and the payment thereof, the administrator could not maintain the action by reason of the fact that Cecillia Patterson could not have, at the time of her death, maintained an action for damages for her own personal injuries.

Reversed.

ARNOLD, C.J., and WELCH, CORN, DAVISON, HALLEY, and JOHNSON, JJ., concur. LUTTRELL, V.C.J., dissents.