CAPITOL STEEL & IRON CO. et al.
v. FULLER et al.

No. 35301.   May 20, 1952.

Rehearing Denied July 8, 1952.

*245 P. 2d 1134.*

Looney, Watts, Ross, Looney & Smith, Oklahoma City, for petitioners.

Carmon C. Harris and Frank Jones, Oklahoma City, for respondents.

Rowland & Rowland, Bartlesville, and Paul W. Updegraff, Norman, amicus curiae.

DAVISON, J. This is an original proceeding in this court to review an award of compensation for the death of Gardner O. Fuller against Capitol Steel & Iron Company, his employer, and National Surety Corporation, its insurance carrier, made by the State Industrial Commission under the provisions of House Bill No. 312 of the 23rd Legislature, S. L. 1951, pp. 267 to 270, inc.

All facts necessary for a determination of the case are contained in the award of the State Industrial Commission, being the order of the trial commissioner dated October 11, 1951, as follows, to wit:

## 1.

"That on the 27th day of June 1951, Gardner O. Fuller, deceased, was in the employ of the respondent herein, engaged in a hazardous occupation, coming within the purview of the Death Benefit provisions of the Workmen's Compensation Act of the State of Oklahoma; that on said date, while acting in the scope of his employment, the said Gardner O. Fuller, deceased, sustained an accidental personal injury, when he was crushed between two railway cars, arising out of and in the course of his employment; resulting in his death, upon the 27th day of June 1951, as a direct result of the accident aforesaid;

## 2.

"That Clara R. Fuller, the widow of the deceased, Gardner O. Fuller, was entirely dependent upon the said deceased for her support, at the time of his death; that Andy W. Fuller, Christine Carter, nee Fuller, and Lillie Maye Goodner, nee Fuller, were not dependent for their support upon the said deceased at the time of his death, that the said Andy W. Fuller being dependent for his support upon himself, only, the said Christine Carter, nee Fuller, being dependent for her support upon her husband, solely, and the said Lillie Maye Goodner, nee Fuller, being dependent upon her husband for her support, solely, and that the said grandchildren James Carter and Howard Lee Carter were not dependent for their support upon the deceased, but were dependent for their support upon their father, J. C. Carter;

## 3.

"That the dependents, within the meaning of the Death Benefit provisions of the Workmen's Compensation Act of the State of Oklahoma are: Clara R. Fuller, widow of the deceased, Andy W. Fuller, son, Christine Carter, nee Fuller, daughter, and Lillie Maye Goodner, nee Fuller, daughter, and that they are entitled to the proportionate share of the $13,500.00 award as set out by their names:

"Clara R. Fuller, widow 1/2 of the award, or                    $4500.00

"Andy W. Fuller, son, 2/9ths of the award or                    3000.00

"Christine Carter, nee Fuller, 2/9ths of award or                    3000.00

"Lillie Maye Goodner, nee Fuller, 2/9ths of award or                    3000.00

## 4.

"That the question of a reasonable attorney fee due attorneys for the claimants will be held in abeyance until a request for a hearing to determine a just and reasonable attorney fee has been requested by one of the parties."

In the consideration of this case and others involving the application of the same legislative enactment, this court has had the advantage of exhaustive briefs and extended oral arguments, not only of the parties but also of amici curiae.

The sole and only authority of the Legislature, to adopt said House Bill No. 312 or any legislation upon the subject of actions for death, is contained in art. 23, §7 of the Oklahoma Constitution, as follows:

"The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation."

which was amended, by a vote of the people on July 4, 1950, in that the following proviso was added thereto, to wit:

"* * * provided however, that the Legislature may provide an amount of compensation under the Workmen's Compensation Law for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be exclusive."

At the time of the adoption of the Constitution, and particularly of art. 23, §7, as it was before amendment, the only right of action to recover damages for wrongful death existed by virtue of section 4313, Oklahoma Statutes of 1893, enforceable as provided therein, and by section 4314 of the same laws.

With only slight modification, these became sections 1053 and 1054 of 12 O.S. 1941, as follows:

Sec. 1053. "When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

Sec. 1054. "In all cases where the residence of the party whose death has been caused as set forth in the preceding section of this article is at the time of his death in any other State or Territory, or when, being a resident of this State, no personal representative is or has been appointed, the action provided in the said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

In the case of F. W. Woolworth Co. v. Todd, 204 Okla. 532, 231 P. 2d 681, it was said,

"The Constitution, Schedule, sec. 2, proposed to extend and continue in force all of the laws in force in the Territory of Oklahoma at the time of the admission of the state into the Union which were not repugnant to the Constitution and not locally inapplicable. That, of course, included section 4313, Oklahoma Statutes 1893. That was one legislative act which the framers of the Constitution desired to keep intact, and to that end they include sec. 7, article 23 in the Constitution. The intent and effect of that provision is that so long as the provisions of sec. 7, art. 23, of the Constitution, remain as a part of the Constitution, the Legislature, or the people, by initiative petition, may not withdraw, take away, annul, or repeal the provisions of said section 4313, Oklahoma statutes of 1893."

This, then, was the situation as to actions for wrongful death when, in 1950, the above-quoted constitutional amendment was adopted. The law was stabilized. Practically every part of the statutes had been legally interpreted and their every conceivable application had been before the courts. Also at that time, in cases of injuries, not resulting in death, suffered by employees engaged in hazardous occupations, the Workmen's Compensation Act (85 O.S. 1941 §1 et seq.) had been much more effective in granting relief than the former common-law actions for damages for negligence. True, the amount of recovery was fixed and limited by the schedule of compensation, but long delays in legal procedure were eliminated and recovery was not dependent upon negligence of the employer and freedom from contributory negligence and assumption of risk on the part of the employee. It had furnished a means whereby, for the public welfare, relief could be granted as a substitute for redress. Similar to the provisions for recovery for wrongful death, the provisions of the Workmen's Compensation Act had been judicially interpreted and applied. The Legislature had provided the method of procedure and the amount of compensation under the Workmen's Compensation Law for disabilities resulting from injuries suffered in employment covered by such law in which case the compensation so provided was exclusive.

Viewed in the light of this background, the meaning and intent of the amended constitutional provision (art. 23, §7) is clear and unambiguous. As was pointed out in the case of Riley v. Carter, 165 Okla. 262, 25 P. 2d 666, a constitutional provision must be so interpreted as to "carry out the manifest intention of the framers of same and the people who adopted it." Consideration must be given to the "objects contemplated by its mandates, and the evils sought to be avoided." The people, by adopting the 1950 amendment to said art. 23, §7, meant only to authorize the Legislature, in cases where death results from injuries suffered in employment covered by the Workmen's Compensation Law, to pro-

vide an amount of compensation therefor which should be exclusive. In other words, the Legislature was authorized to so amend the Workmen's Compensation Law that those persons, who, theretofore, were entitled to recover, in the courts, for the death of a person resulting from the wrongful act of another, an amount limited only by the loss suffered, might thereafter be entitled to recover, in the State Industrial Commission, for the death of a person resulting from injuries suffered in employment covered by the Workmen's Compensation Law, an amount to be fixed by the Legislature.

The methods of recovery, prior to the 1950 constitutional amendment, for injuries suffered by an employee, depending upon whether or not death resulted therefrom, were discussed at length in the case of Lahoma Oil Co. v. State Industrial Commission, 71 Okla. 160, 175 P. 836, 15 A.L.R. 817, wherein it was said,

"So long as the employe was alive, the Industrial Commission would have jurisdiction to hear and determine his claim for compensation, and this jurisdiction would be exclusive of the courts of the state under section 2, art. 6, of the act. When his injuries resulted in death, the Compensation Act, under the terms of section 1 of article 6, above quoted, would no longer apply, and the Industrial Commission would have no further jurisdiction. The cause of action, if any, arising from the death resulting from such injuries, would survive to such representatives, under section 5281 of the statute, as though the Compensation Act had never become a law. That section of the statute provides for the survival of the action if the employe might have maintained an action had he lived. The effect of the Compensation Act was to afford to the employe a special procedure under which to maintain his action where the injuries do not result in death. After his death his representatives may maintain their action, but not under the Compensation Act."

The effect of the amendment or added proviso of art. 23, §7, of the Constitution, was to place a death action upon the same footing as a personal injury action when each arose by reason of accidental injury in the course of employment covered by the Workmen's Compensation Act. Legislation going beyond the accomplishment of that result was not authorized or intended.

Much space in the briefs of the parties is devoted to a discussion of the meaning and to the otherwise constitutionality of the various sections of House Bill 312 of the 1951 Legislature. But many propositions and counter-propositions will be eliminated by an examination of the act in the light of the conclusion reached as to the authority conferred by the 1950 constitutional amendment. The bill contains a provision that the invalidity of any clause, sentence, paragraph or section shall not affect the remaining portions. This creates a presumption that, omitting any unconstitutional portions, the remaining portions would have been enacted and, since the rest of the act is plain and fully operative as law and it is evident that the Legislature would have enacted the valid provisions with the invalid provisions removed, the unconstitutionality of portions of the act does not defeat or affect the validity of the remaining provisions. Englebrecht v. Day et al., 201 Okla. 585, 208 P. 2d 538. The 1950 constitutional amendment did not authorize the Legislature to make a distinction in the applicability of any provision of the Workmen's Compensation Law based upon whether or not the injury resulted in death except as to the amount of recovery. Therefore, any provision contained in said House Bill No. 312 which makes such distinction is unconstitutional and void to that extent. For the same reason, any provision in said act which modifies the provisions of sections 1053 and 1054 of Title 12 O. S. 1941, except to "provide an amount of compensation under the Workmen's Compensation Law for death resulting from injuries suffered in employment covered by such law," is also void.

642

The parties have raised and extensively argued the proposition that several parts of said House Bill 312 are violative of other various provisions of the State and Federal Constitutions. Except for the section hereinafter discussed, it is not necessary in the case at bar that those questions be determined or considered other than in the general way as has hereinbefore been done. Those questions are left for determination and disposal in future cases wherein they constitute a material issue. In the instant case only the interpretation and constitutionality of section 4 (amending 85 O.S. 1941 §22) which provides that the compensation or death benefit shall be payable "to the dependents of the deceased employee as defined herein," and of subsection (1) of section 1, which provides that "The term 'Dependent' or 'Dependents' as used in this act shall mean and include, the heirs at law of the deceased, as defined by the Descent and Distribution Statutes of Oklahoma," are of prime importance. Those sections were the foundation of an order of the State Industrial Commission distributing the amount of the award 1/3 to the widow of decedent and 2/9 to each of his three children, two of whom had attained majority and all three of whom were married, had homes and families of their own and were in no wise dependent upon him for support. It must be always borne in mind that the injured employee's cause of action for damages for personal injuries was and is one at common law (now abrogated by the Workmen's Compensation Law), but that the right of others to recover for his death is purely statutory and exists in this jurisdiction solely by virtue of 12 O. S. 1941 §1053. St. Louis & S. F. Ry. Co. v. Goode, 42 Okla. 784, 142 P. 1185, L. R. A. 1915E. 1141. No cause of action for death is created by art. 23, §7 (originally or as amended), or by the Workmen's Compensation Law which now applies to and controls both causes of action. This last mentioned law does not and cannot create either.

Therefore, those persons entitled to recover on either cause of action (personal injury or death) remain the same. Section 1053 of Title 12, O. S. 1941, provides that damages recoverable for death "must inure to the benefit of the surviving spouse and children, if any, or next of kin." The amount recoverable is measured by the pecuniary loss each sustains by reason of the death. The total amount of such recovery is now fixed at $13,500 by the Workmen's Compensation Law as authorized by the 1950 Amendment to art. 23, §7, Const. The parties entitled to participate therein remain the same.

By a somewhat strained construction, said sections 1 and 4 of House Bill 312 could be interpreted to be in conflict with the above conclusion, but "A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubt as to its constitutionality." Brown v. State Election Bd., 197 Okla. 169, 170 P. 2d 200. The harmony between the provisions for distribution of the proceeds of a judgment for wrongful death under 12 O.S. 1941 §1053, prior to the 1950 constitutional amendment, and the proceeds of an award for accidental death under House Bill 312 of 1950, §§1 and 4; becomes immediately apparent when attention is turned to the expressions of this court as to the meaning of the former act. It was said in the case of Tackett v. Tackett, 174 Okla. 51, 50 P. 2d 292, that:

"In a wrongful death action by an administrator for the use and benefit of the several persons for whose benefit the action survives, the interest of each beneficiary in the recovery must be measured by his or her individual pecuniary loss and the jury may make apportionment accordingly in their verdict. If the jury fail so to do, then distribution made to those entitled thereto as provided by the general statute of descent and distribution in the same manner as personal property of the deceased is approved."

Therefore, in the instant case, if the death of the employee had occurred prior to the 1950 constitutional amendment, an action for wrongful death could have been prosecuted under the provisions of 12 O. S. 1941 §1053 for the benefit of "the surviving spouse and children." These persons, although having a cause of action, would not have a right of action unless they suffered a pecuniary loss by reason of the death; in other words, were dependents. They would have to be heirs at law and also dependents and, if the judgment amount was not apportioned by the trial court, they would have been "entitled thereto as provided by the general statute of descent and distribution in the same manner as personal property of the deceased." Tackett v. Tackett, supra. Since his death occurred subsequent to the 1950 constitutional amendment and the enactment of the 1951 House Bill No. 312, the recovery is by way of award of the State Industrial Commission, and sections 1 and 4 thereof are applicable, but the beneficial interests in the proceeds remain the same. Those entitled to participate in such distribution must be dependents and "heirs at law of the deceased, as defined by the Descent and Distribution Statutes of Oklahoma." 1951 House Bill 312, §1. Thus, sections 1 and 4 of said 1951 House Bill 312 merely put into words what this court had held to be the meaning of 12 O.S. 1941 §1053. Any other interpretation would raise grave doubt as to their constitutionality.

Now, to determine the rights of the parties in the case before us. The claim was filed by the widow and, there being no administrator, she was the only proper person to maintain the proceeding under the provisions of 12 O.S. 1941 §1054. St. Louis & S. F. Ry. Co. v. Thompson, 139 Okla. 142, 281 P. 565. But beneficial interests in the proceeds of the award should also be fixed. The meaning of the word "children," as used in 12 O.S. 1941 §1053, is thoroughly discussed in the case of Mis-souri-Kansas-Texas R. Co. v. Canada, 130 Okla. 171, 265 P. 1045, 59 A. L. R. 743, wherein the following expression in Pittsburg, etc., Ry. Co. v. Vining's Adm'r, 27 Ind. 513, 92 Am. Dec. 274, was quoted and approved:

"The word 'child' as employed in section 27 (Gav. & H. Rev. St. 1870, p. 56), is not to be construed as equivalent to the word 'minor,' but we think is limited in its application to one who occupies the position of a child to a parent, as depending upon him for protection, support, and education, and cannot be held to include one who, although a minor, has assumed the relation and responsibility devolving upon the head of a family. Webster says the word 'is applied to infants from their birth, but that the time when they cease ordinarily to be so called is not defined by custom.' We think it is intended by the statute that the position occupied by the person should determine the question, rather than the age alone."

Thus, in the case at bar, the only person entitled to recover or to participate in the distribution of the award was the widow of the deceased employee, Clara R. Fuller.

When any unauthorized portions of said House Bill No. 312 are removed, there is no foundation for the various other propositions presented by the petitioner herein. The constitutionality of the Workmen's Compensation Law at the time of the adoption of said House Bill No. 312 is no longer an open question in this jurisdiction. The opinion in the case of Adams v. Iten Biscuit Co., 63 Okla. 52, 162 P. 938, has been approved and reaffirmed several times since its adoption in 1917. There are few if any questions relative to the application of sections 1053 and 1054 of Title 12 O. S. 1941, which have not also been determined by this court.

The award in the case at bar was proper but the distribution of the entire award of $13,500 should have been made to Clara R. Fuller, the widow of the said Gardner O. Fuller, deceased, she being the only one dependent upon him for support and the only person

sustaining a pecuniary loss by reason of his death. Therefore, the award must be vacated in order that distribution may be made in the proper manner, not inconsistent with the views herein expressed.

Award vacated.

ARNOLD, C.J., and CORN, JOHNSON, and BINGAMAN, JJ., concur. GIBSON, J., concurs in result. HALLEY, V. C. J., and O'NEAL, J., dissent.

HALLEY, V. C. J., and O'NEAL, J., file their joint dissent as follows:

We would like to concur in an opinion to sustain House Bill 312 of the 1951 Legislature if we conscientiously could. Sec. 1, par. 1 of the Act is as follows:

"The term 'Dependent' or 'Dependents', as used in this Act, shall mean and include the heirs at law of the deceased, as defined by the Descent and Distribution Statutes of Oklahoma."

Sec. 4 is as follows:

"Section 22, Title 85, Oklahoma Statutes 1941, is hereby amended by adding thereto a new numbered paragraph to read as follows:

" 7. If the injury causes death within two (2) years from the date of the accident, or if the injury causes continuous disability and causes death within five (5) years from the date of accident, notice of which was given as provided in this Act, compensation shall be payable in the amount of Thirteen Thousand Five Hundred Dollars ($13,500.00) and to the dependents of the deceased employee as defined herein. "

Under these provisions the death benefit is payable to the dependents of the deceased employee, and "dependents" are defined by the Act as his heirs at law. It is conceded that the Act, wherein it gives the benefits to persons who are not dependents, is unconstitutional. When the Legislature has positively designated who shall be dependents, we have no right to limit or expand that group. This court should not construe an Act as we think it should have been written, but we must interpret it as it actually was written. The Legislature might have different views from the court as to who should be classed as dependents. This legislation is of such importance that we believe the Legislature should start over and write an Act that is constitutional.

We dissent.