Pearl FLANIGAN, Petitioner,

v.

LINCOLN CONSTRUCTION COMPANY, Tri-State Insurance Company, Effie Flanigan, and State Industrial Commission, Respondents.

No. 36758.

Supreme Court of Oklahoma.

Oct. 18, 1955.

Forrester Brewster, Edwin Langley, Muskogee, for petitioner.

Rhodes, Crowe, Hieronymus & Holloway, Oklahoma City, Philip N. Landa, Tulsa, Richard M. Huff, Asst. Atty. Gen., for respondents.

PER CURIAM.

On March 23, 1953, Clifford Flanigan, while engaged in "hazardous employment" in the employ of Lincoln Construction Company, respondent herein, sustained an accidental injury resulting in his death.

On May 25, 1953, Effie E. Flanigan, surviving widow of deceased, filed a claim for compensation in her own behalf, and in behalf of all other dependents entitled to participate in recovery of death benefits, against respondent Lincoln Construction Company and its insurance carrier, to recover compensation under the death benefit provisions of the Workmen's Compensation Law.

The trial commissioner found that no administrator of the estate had ever been appointed; that Clifford Flanigan, while in the employ of respondent Lincoln Construction Company, sustained an accidental injury at the time and in the manner stated in claimant's claim, resulting in his death; that Effie E. Flanigan is the surviving wife of deceased; that deceased left no children; that his surviving wife is his sole and only dependent and awarded her the full amount of benefit recoverable under the Workmen's Compensation Law in the sum of $13,500. This award has been fully paid and satisfied.

Thereafter, and on November 17, 1953, Pearl Flanigan, mother of deceased, filed an additional claim for compensation against respondent construction company, in which she alleges that she was a dependent of her son and is entitled to participate in the death benefit recoverable under the Act. The trial commissioner denied her claim on the theory that it had already been adjudicated that Effie Flanigan, surviving wife of deceased, was his sole and only dependent, and the full amount of death benefit has been awarded to her, and that the Commission was without jurisdiction to award any further or other compensation. The order was sustained on appeal to the commission en banc.

Pearl Flanigan, petitioner herein, brings the case here to review this order and relies for its vacation on the ground that it is not supported by the evidence, and is contrary to law.

The evidence discloses that deceased for a number of years prior to his death made monthly contributions to the support of his mother, from $30 to $40 per month, and that he continued to do so up to the date of his death, and that he otherwise provided for her support and petitioner upon this evidence asserts that she is entitled to participate in the death benefit recoverable under the Act, and in support thereof relies on 85 Okl.St.Anno. § 3.1, which provides:

"(1) The term 'Dependent' or 'Dependents,' as used in this Act, shall mean and include the heirs at law of the deceased, as defined by the Descent and Distribution Statutes of Oklahoma."

In Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134, and Mid-Continent Petroleum Corp. v. Mullen, 206 Okl. 636, 245 P.2d 1142, we held that the Wrongful Death Statutes, 12 O.S.1951 § 1053 and Section 1054, remained in force and were controlling in accidental injury cases resulting in death, except insofar as they were modified by the Death Benefit Act, S.L. 1951, pages 267–270, inclusive. In Capitol Steel & Iron Co. v. Fuller, supra, after referring to and discussing several constitutional questions raised, the court, in referring to and discussing the section of the Death Benefit Act, supra, relied on by petitioner, said [206 Okl. 638, 245 P.2d 1139]:

"* * * In the instant case only the interpretation and constitutionality of section 4 (amending 85 O.S.1941 sec. 22) which provides that the compensation or death benefit shall be payable 'to the dependents of the deceased employee as defined herein' and of subsection (1) of section 1, which provides that 'The term "Dependent" or "Dependents," as used in this act, shall mean and include the heirs at law of the deceased, as defined by the Descent and Distribution Statutes of Oklahoma', are of prime importance. * * * It must be always borne in mind that the injured employee's cause of action for damages for personal injuries was and is one at common law, now abrogated by the Workmen's Compensation Law, but that the right of others to recover for his death is purely statutory and exists in this jurisdiction solely by virtue of 12 O.S.1941 sec. 1053. St. Louis & S. F. Ry. Co. v. Goode, 42 Okl. 784, 142 P. 1185, L.R.A. 1915E, 1141. No cause of action for death is created by Art. XXIII sec. 7 (originally or as amended) or by the Workmen's Compensation Law which now applies to and controls both causes of action. This last mentioned law does not and cannot create either. Therefore, those persons entitled to recover on either cause of action (personal injury or death) remain the same. Section 1053 of Title 12 O.S.1941, provides that damages recoverable for death 'must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin'. The amount recoverable is measured by the pecuniary loss each sustains by reason of the death. The total amount of such recovery is now fixed at $13,500 by the Workmen's Compensation Law as authorized by the 1950 amendment to Art. XXIII sec. 7, Const. The parties entitled to participate therein remain the same."

Since under the above authorities the only persons entitled to recover death benefit under the Death Benefit Provision of the Law are the same as those entitled to recover damages under 12 O.S.1951 § 1053, Effie E. Flanigan, surviving wife of deceased, is the only person entitled to recover death benefit herein since next of kin may only recover damages under the statute in the event deceased left no surviving spouse or dependent children. Bartlett v. Chicago, R. I. & P. R. Co., 21 Okl. 415, 96 P. 468; Missouri, Kansas & Texas R. Co. v. Canada, 130 Okl. 171, 265 P. 1045, 59 A. L.R. 743.

Counsel for petitioner concede that under the authority of Capitol Steel & Iron Co. v. Fuller, supra, petitioner is not entitled to participate in the Death Benefit Provisions of the statute, but insist that an erroneous conclusion has been reached in said case. It is asserted that the court in the above case was in error in construing Death Benefit Provisions of the Act in connection with the Wrongful Death Statute, 12 O.S.1951 § 1053, and was in error in holding this section controlling as to who is entitled to participate in the death benefit recoverable under the Act. We do not agree. The same questions here discussed were raised, discussed and considered in that and other cases. No new argument is now advanced.

We see no reason for departing from the rule there announced.

We conclude that the Commission reached the correct conclusion in denying petitioner's claim for compensation.

Order sustained.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, BLACK-BIRD and JACKSON, JJ., concur.