Note.—See under (1) 7 C. J. p. 660, §358 (Anno). (2) 7 C. J. p. 783, §647 (Anno); anno. 21 L. R. A. 440; 3 R. C. L. p. 376. (3) 7 C. J. p. 660, §358 (Anno). (4) 7 C. J. p. 669, §376. (5) 4 C. J. p. 1168, §3190; 2 R. C. L. p. 230; 1 R. C. L. Supp. p. 462; 4 R. C. L. Supp. p. 95; 5 R. C. L. Supp. p. 85; 6 R. C. L. Supp. p. 79.

---

**MISSOURI, K. & T. R. CO. v. CANADA, Adm'r.**

No. 17946. Opinion Filed March 20, 1928.

Rehearing Denied April 10, 1928.

(Syllabus.)

**1. Death—Right of Action—"Next of Kin."**

By the term "next of kin" used in section 824, C. O. S. 1921, is meant all who would be entitled to share in the distribution of the personal property of the deceased.

**2. Same—Pecuniary Loss Essential to Recovery and Must Be Proved by Next of Kin Other Than Widow and Minor Children—Surviving Husband Alone and not Adult Children Held Entitled to Damages.**

In order to maintain an action under section 824, C. O. S. 1921, giving right of action to personal representative for death by wrongful act, and providing that the damages must inure to the exclusive benefit of the widow and children, if any, or next of kin, pecuniary loss to the beneficiaries named must be shown, though the law will imply substantial loss from decedent's death to the widow and minor children, the amount depending upon the proof, but next of kin, other than minor children, must show actual pecuniary loss in order to be entitled to damages, and there can be no recovery unless at intestate's death, and at the time damages are awarded, there are living relatives who have actually or impliedly sustained loss by decedent's death, and, while her son and daughters were of age, married, and independent of decedent, their mother, and were not shown to be entitled to damages for her death, her husband, being next of kin, sustained such damage thereby · as to authorize a recovery, decedent having left no minor children.

**3. Same.**

Such adult children are as next of kin who have suffered no pecuniary loss. While the law implies damages of a substantial character to minor children, adult children must prove their pecuniary loss.

**4. Same—"Children" Limited to Those Dependent on Parents.**

The word "children," as used in section 824, C. O. S. 1921, is not equivalent to the word "minor," but is limited to such as occupy the position of child to parent and are dependent upon the parent for support.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Wiley G. Canada, administrator of the estate of Minnie P. Canada, deceased, for wrongful death by negligence, against the Missouri, Kansas & Texas Railway Company and its agent. Judgment for plaintiff, and against defendant railway company, from which defendant railway company appeals. Affirmed.

M. D. Green, John E. M. Taylor, and Eric Haase, for plaintiff in error.

Claude Nowlin and T. G. Chambers, Jr., for defendant in error.

RILEY, J. This action was instituted by the administrator of the estate of Minnie P. Canada, deceased, for the recovery of damages alleged to have been caused by the

negligence of defendants at a grade crossing accident which resulted in the death of Minnie P. Canada. Judgment below was for plaintiff in the sum of $3,470.50, and against the railroad company. The deceased was the wife of Wiley G. Canada, a farmer, and the administrator. She was the mother of three adult, married, and independent children. The court instructed the jury that there was no evidence showing a pecuniary loss to any of the three children of deceased, and that, should the verdict be for the plaintiff, the amount of the recovery should be that which would fairly and reasonably compensate the husband for the pecuniary loss that he had sustained, if any, by reason of the death of his wife.

· The principal question on appeal is the right of the husband to recover, in view of the fact that deceased left surviving her, three children who, under the statute as then existing, were within the preferred class, and who, under the facts, sustained no pecuniary damage.

Section 824, C. O. S. 1921, provides, in part, as follows:

"* * * The damages must inure to the exclusive benefit of the widow and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

This section was amended, Session Laws 1925, chapter 125, by substituting the words "surviving spouse" for the word "widow," but, since this cause of action accrued theretofore, we are not concerned in the case at bar with the amendment.

The appellant contends that, since the husband was not of the class "widow or children" or "next of kin," he could not recover.

We now seek to ascertain whether a husband is within "next of kin" as applied to a deceased wife under section 824, supra. It was held that he was so in Okmulgee Gas Co. v. Kelley, 105 Okla. 189, 232 Pac. 428, Mid-Continent Petroleum Co. v. Allen, 110 Okla. 101, 236 Pac. 426, and S. W. Surety Ins. Co. v. Taylor, 70 Okla. 181, 173 Pac. 831. In Shawnee Gas & Electric Co. v. Motsenbacker, 41 Okla. 454, 138 Pac. 790, this court held that the term "next of kin" used in the statute meant the person who, under the statute, would inherit, by virtue of the law of descent and distribution, from the deceased. We adhere to the determination made, and who will gainsay that this issue is not forever settled in this jurisdiction as to the husband of a deceased person, in view of the amendment?

We observe Western Union Telegraph Co. v. McGill, 57 Fed. 699, where the federal Circuit Court of Appeals interpreted the Kansas statute, identical with ours, and held that "next of kin" meant a blood relative. It is to be noted that subsequently the Supreme Court of Kansas construed the statute to the contrary in Railway Co. v. Townsend, 81 Pac. 205, and the same federal court, in the case of Joplin & P. Ry. Co. v. Payne, 194 Fed. 387, thereafter followed the interpretation of the state court.

We now consider whether plaintiff, as the husband and "next of kin" of deceased, was entitled to recover any damages whatever for the death of his wife, in view of the existence of three surviving, adult, independent children of deceased, and in view of the statute providing "the damages must inure to the exclusive benefit of the widow and children, if any, or next of kin."

Appellant contends that this was decided in its favor in Bartlett v. C., R. I. & P. Ry. Co., 21 Okla. 415, 96 Pac. 468. We find otherwise. There the husband brought the action for the wrongful death of his wife. He failed to allege that she left no children surviving. A demurrer was sustained, and on appeal the judgment was affirmed. There this court construed the statute in a disjunctive manner; that is, the damages must inure to the exclusive benefit of the widow and children, if any, and if there is no widow and are no children, then, in that event only, to the next of kin. This court there held that children were of the preferred class. We adhere to the rule there stated, but find that the decision is not decisive of the matter at bar, for this court did not in that case, nor in any other case within our knowledge, pass upon the exclusiveness of damages or restriction of the right of action to members of a preferred statutory class who were not damaged, when there existed members of a deferred class who sustained damage; nor is there cited to us any Oklahoma decision construing "children" as used in this statute.

The contention of appellant may be stated thus: The statute creates classes "A" and "B." Class "A" consists of the widow and children. Class "B" consists of next of kin (which we have held includes the husband); that class "B" cannot recover when there exist members of class "A," even though they have sustained no pecuniary loss.

The action is not for the benefit of the estate, but is personal in its nature. Had no one of any class enumerated in the statute sustained a pecuniary loss, the action could

not have been maintained. Mott v. Central Railroad Co., 70 Ga. 680, 48 Am. Rep. 595.

In order to maintain the action, the existence of the beneficiaries named in the statute and the pecuniary loss to them must be alleged and proved. Western Union Telegraph Co. v. McGill, 57 Fed. 699.

Since (1) statutory designation, and (2) pecuniary loss, must be averred and proved, might it not with reason be said that by the use of the word "children" the Legislature intended a limited and specific use of the word rather than a generic or general application as a synonym for "issue?" Was it not meant the "issue" who, under certain conditions, have sustained a loss, such as minor children, who are presumed to have sustained a loss by reason of the obligation resting upon the parent to provide support, or the issue who has reached majority and who establishes that he sustained damages in loss of contribution and support by reason of his existing dependency? Coleman v. Hyer (Ga.) 38 S. E. 962.

There was no legal obligation on the part of deceased to support her "adult children." There was no voluntary contribution—there was no pecuniary loss to them. Considering that they had a right of action by statute, they had no right to a recovery, for it affirmatively appears they sustained no pecuniary loss. They, the adult children, did not exist then in a legal sense. The administrator was entitled to maintain the action for the statutory beneficiary who could establish a pecuniary loss.

The word "children" has many meanings. Usually it refers to a person under age. It is often applied to persons who have passed their majority, especially when dealing with relation which involves parent and child. Putnam v. So. Pac. Co. (Ore ) 27 Pac. 1033; Galveston, H. & S. A. Ry. Co. v. Kutac (Tex.) 11 S. W. 127.

We think the most applicable definition is that used in Pittsburg, etc., Ry. Co. v. Vinings, Adm'r, 27 Ind. 519, 92 Am. Dec. 274. The court of Indiana, in regard to a statute as here considered, said:

"The word 'child,' as employed in section 27, is not to be construed as equivalent to the word 'minor,' but we think is limited in its application to one who occupies the position of a child to a parent. as depending upon him for protection. support, and education, and cannot be held to include one who, although a minor, has assumed the relation and responsibility devolving upon the head of a family. Webster says the word 'is applied to infants from their birth, but that the time when they cease ordinarily to be so called is not defined by custom.' We think it is intended by the statute that the position occupied by the person should determine the question, rather than the age alone."

Our conclusion is in accord with Pittsburg, C. C. & St. L. Ry. Co. v. Reed (Ind. App.) 88 N. E. 1080, wherein it was held:

"The children of the decedent, whose death had been caused by the wrongful act or omission of another, if they be shown in evidence to be adults at the time of his death, and are not shown to have suffered pecuniary loss by reason of his death, are practically, for the purpose of estimating damages, placed by our decisions in the condition of the next of kin who have not suffered pecuniary loss. The law, in other words, implies damages of a substantial character to minor children only, and for children not minors pecuniary loss must be proved."

The husband, who had a reasonable expectation of pecuniary benefit from the continuance of the life of his wife, stands in no worse condition than if the decedent had left no children surviving her. The adult son and daughters, under the facts, were not beneficiaries. In the absence of beneficiaries of the first class who have suffered pecuniary loss, the damages should go to the next of kin shown to have suffered loss as contemplated by the statute.

The judgment is affirmed.

MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 17 C. J. p. 1218, §63. (2) 17 C. J. pp. 1207, 1208, §57; 8 R. C. L. p. 834. (4) 17 C. J. p. 1212, §60.