MID-CONTINENT PETROLEUM CORP. v. MULLEN et al.

No. 35361.   May 20, 1952.

Rehearing Denied July 8, 1952.

*245 P. 2d 1142.*

R. H. Willis, J. P. Greve, Ben Hatcher, and Oscar E. Swan, Jr., Tulsa, for petitioner.

S. J. Clendinning, Tulsa, and Rowland & Rowland, Bartlesville, for respondents.

Paul W. Updegraff, Norman, amicus curiae.

DAVISON, J. This is an original proceeding in this court seeking the vacation of an award of $13,500 for the death of one Roy C. Mullen, made by the State Industrial Commission under the provisions of House Bill No. 312 of the 1951 Legislature, S. L. 1951, pp. 267 to 270, inc., and art. 23, §7, of the Oklahoma Constitution, as amended by vote of the people July 4, 1950. The award, which distributed the amount thereof 1/2 to the surviving widow, Mary M. Mullen and 1/4 each to Oscar Sherman Mullen and Amy L. Mullen, the parents of said decedent, made the following finding of fact, to wit:

1.

"That on June 28, 1951, deceased, Roy C. Mullen, was in the employ of respondent herein, engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Act of the State of Oklahoma, that on said date while acting in the scope of his employment, the said Roy C. Mullen, deceased, sustained an accidental personal injury, when a falling G pin hit him in the head, arising out of and in the course of his employment resulting in his immediate death, on June 28, 1951, as a direct result of the accident aforesaid; that no compensation has been paid as a result of said injury;

2.

"That decedent, Roy C. Mullen, left a surviving widow, Mary M. Mullen, and surviving father, Oscar Sherman Mullen, and surviving mother, Amy L. Mullen, that decedent left no issue;

3.

"That sufficient notice by posting and publication was given to any unknown heirs/dependents of decedent, who would be entitled to the benefits under Title 85 O. S. A. as amended by House Bill No. 312 of the Twenty-second Oklahoma Legislature, that no other heirs at law/dependents of decedent exist.

4.

"That Mary M. Mullen, widow of the deceased, Roy C. Mullen, is hereby determined to be an heir at law/dependent of decedent and is entitled to one-half (1/2) of the benefits provided by Title 85 O. S. A. as amended by House Bill No. 312, of the Twenty-second Oklahoma Legislature, or the amount of $6750.00, being one-half (1/2) of $13,500.00; that Oscar Sherman Mullen, father of decedent, is hereby determined to be an heir at law/dependent of decedent and is entitled to one-half (1/2) of the remaining one-half, or one-half of $6750.00, in the amount of $3375.00; that Amy L. Mullen, mother of decedent, is hereby determined to be an heir at law/dependent of decedent and is entitled to one-half (1/2) of the one-half, or of $6750.00 being shared equally with Oscar Sherman Mullen, in the amount of $3375.00."

This case presents the identical propositions of law in Capitol Steel & Iron Co. v. Clara R. Fuller, 206 Okla. 638, 245 P. 2d 1134, and for that reason the rules of law and reasoning in support thereof, contained in the opinion therein, are hereby adopted and made the law of the instant case.

The claim in the case at bar was filed by the widow who was the administratrix of the estate of decedent and the only proper person to maintain the proceeding under the provisions of 12 O. S. 1941 §1054. St. Louis & S. F. Ry. Co. v. Thompson, 139 Okla. 142, 281 P. 565. The amount of the award was proper but the distribution of the entire amount of $13,500 should have been ordered made to Mary M. Mullen, the widow of said Roy C. Mullen, deceased, she being the only person entitled, under the provisions of sections 1 and 4 of House Bill No. 312 of 1951 and of 12 O. S. 1941 §1053, to a beneficial interest therein. Therefore, the award must be vacated in order that distribution may be made in a proper manner, not inconsistent with the views herein expressed.

Award vacated.

ARNOLD, C.J., and CORN, JOHNSON, and BINGAMAN, JJ., concur. GIBSON, J., concurs in result. HALLEY, V.C.J., and O'NEAL, J., dissent.