SINCLAIR REFINING CO.

v.

BRUMETT et al.

No. 36059.

Supreme Court of Oklahoma.

March 2, 1954.

Pierce, Mock & Duncan, Oklahoma City, for petitioner.

Butler, Rinehart & Morrison, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original proceeding in this court to review an award under the Death Benefits provisions of the Workmen's Compensation Law made by the State Industrial Commission in favor of Robert Dean Bru-

mett, as claimant, primarily against Emma Gabbard, administratrix of the estate of H. G. Gabbard, deceased, and secondarily against Sinclair Refining Company, as respondents, for the death of James Norman Brumett, the deceased father of said claimant. The parties will be referred to as they appeared before the Commission.

There is no conflict between the parties as to the facts nor as to the liability of the respondent, Emma Gabbard, administratrix of the estate of H. G. Gabbard, deceased. This proceeding for review was brought by the respondent, Sinclair Refining Company, upon the sole question of the constitutionality of the 1951 amendment of 85 O.S.1941 § 11. Sinclair had contracted with Gabbard, as an independent contractor, for the erection of a sign. James Norman Brumett, an employee of Gabbard, was assisting in the work when the sign came in contact with an electric wire and he was electrocuted. Gabbard had not complied with the Workmen's Compensation Act with regard to securing the payment of awards thereunder. For that reason, the award was made primarily against the estate of Gabbard, then deceased, and secondarily against Sinclair.

The applicant here contends that the 1951 amendment of 85 O.S.1951 § 11, was not in compliance with the following provisions of the Oklahoma Constitution, Art. V, § 57, to wit:

"* * * and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length: * * *."

Said section of the Workmen's Compensation Act before amendment was composed of three parts—the first part fixing the liability for compensation and the persons liable for its payment—the second part fixing the relative rights, between themselves, of those persons made liable by the first part—the third part fixing the rights and methods of procedure to be followed by the person entitled to such compensation in establishing and enforcing liability under

the Act. The amendment of 1951 was as follows, the added words being in italics:

"Section 2. The introductory paragraph of Section 11 of Title 85, Oklahoma Statutes 1941, is hereby amended to read as follows:

"Every employer subject to the provisions of this Act shall pay, or provide as required by this Act, compensation according to the schedules of this article for the disability *or death of his employee* resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury, *and in the event of disability only,* except where the injury is occasioned by the willful intention of the injured employee to bring about injury to himself or of another, or where the injury results directly from the willful failure of the injured employee to use a guard or protection against accident furnished for his use pursuant to any statute or by order of the State Labor Commission, or results directly from the intoxication of the injured employee while on duty; provided that the provisions of this Act shall not apply to any employer if he shall employ less than two (2) workmen; and provided, further, that the liability of any person, firm or corporation having an interest in the subject matter, employers and contracting employers, general or intermediate, for compensation under this Act, when other than the immediate employer of the injured employee, shall be as follows: * * *."

The contention of the applicant here is that the failure or omission of the legislature to re-enact and publish at length the last two parts of the former Act rendered the amendment of the first part unconstitutional, citing, among others, the cases of Bd. of County Com'rs of Tulsa Co. v. Okla. Tax Comm., 202 Okl. 269, 212 P.2d 462, and Adams v. Fry, 204 Okl. 407, 230 P.2d 915. The facts in those cases, however, are not analogous to the facts herein.

In the early case of In re Lee, 64 Okl. 310, 168 P. 53, 57, L.R.A.1918B, 144, this court had occasion to explain the intended application of the above quoted constitutional provision. It was there said that:

"While this question is not free from difficulty, and while we do not desire to encourage other legislation in this form, yet, in view of the fact that the legislative intent can be gathered from the act itself, and it does not tend to mislead or deceive, we cannot say that the mischief which the Constitution prohibits has been worked in this instance.

"While we do not doubt our power, nor are we unmindful of our duty to refuse the enforcement of statutes enacted in a manner contrary to the Constitution, yet that power exists and duty arises only when, in our judgment, the invalidity of the act is placed beyond a reasonable doubt. [City of] Pond Creek v. Haskell, supra [21 Okl. 711, 97 P. 338]. With us to doubt the constitutionality of a statute is to uphold it."

It was in the light of the quoted rule of construction that the Death Benefit Act, H. B. No. 312 of the 23rd Legislature, S.L. 1951, pp. 267–270 inc., was held to be not violative of said constitutional provision, in the case of Mid-Continent Petroleum Corp. v. Mullen, 206 Okl. 636, 245 P.2d 1142. From a strict technical viewpoint, the amendment, here under attack, might have been above all question had the entire section been re-enacted and published. But, the three parts thereof, for all practical purposes, constitute three subsections and the amendment of one did not require the re-enactment of the other two. The amendment has no tendency to mislead or deceive and no mischief which the Constitution was intended to prohibit has been worked.

The amended section of the Act, appearing as 85 O.S.1951 § 11, is constitutional and the award herein is sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.