H. L. MANESS TRUCK LINES and Security Insurance Company of Connecticut, Petitioners,

v.

Thomas L. LEMMONS, Doris Lemmons and State Industrial Court of the State of Oklahoma, Respondents.

No. 40987.

Supreme Court of Oklahoma.

Nov. 23, 1965.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for petitioners.

Burkett & Young, Woodward, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

LAVENDER, Justice.

This case involves the right, if any, of parents of a deceased workman, who have suffered a pecuniary loss by reason of his death, to recover the death benefits from decedent's employer or insurance carrier, which benefits are provided under applicable provisions of the Workmen's Compensation Act, notwithstanding such decedent left a surviving spouse.

Thomas H. Lemmons, hereinafter referred to as deceased, was killed on February 2, 1963, in Mayes County, Oklahoma, when the truck he was operating for H. L. Maness Truck Lines, hereinafter referred to as employer, was involved in a collision with an automobile. There is no dispute as to the accident arising out of and in the course of the employment.

On February 11, 1963, Thomas L. Lemmons and Doris Lemmons, his wife, decedent's father and mother respectively, who will be hereinafter referred to as claimants, filed a claim before the State Industrial Court under the Act.

The record discloses that deceased left surviving him his wife, Jacqueline Lemmons, hereinafter referred to as widow, and his parents, the claimants; that deceased and widow were married on November 2, 1960, and no children were born of this union. On September 17, 1962, deceased filed for a divorce in Wilson County, Kansas, and notice by publication was given to his wife on September 20, 1962, but no final decree was ever entered. The record further reveals that the widow corresponded by mail with deceased on January 10, 1962, and with deceased's lawyer in the divorce action on September 26, 1962; that counsel for claimants have attempted to locate the widow since the death of deceased but have been unable to do so.

Thomas L. Lemmons testified that no administrator had been appointed for the estate of his son, the deceased; that deceased's widow stayed with claimants for approximately one month in May or June of 1961; that she had a small son by a pre-

vious marriage; that to his knowledge deceased had not adopted his stepson; that widow and her son then went back to Pueblo, Colorado, which had been her home. Witness stated that "every once in a while," "sometimes it was two weeks" and sometimes "two months apart" he would receive contributions for support from deceased; that the only time he could definitely fix was when deceased gave witness a check for $164.13 on October 31, 1960, when witness was in a hospital, and another time he gave him a check which was for One Hundred and Nineteen Dollars and "some-odd cents"; that he kept one one hundred dollars and returned the balance to deceased; that the average contributions totaled "three to four hundred dollars a year"; that the contributions were usually "a twenty when he stopped"; that he was "dependent" on his son for the contributions made. On cross-examination, witness testified that of his own knowledge he did not know if the deceased and widow lived together after she moved back to Colorado, that he didn't really know what their relation was; that he didn't know what deceased paid or gave to widow or what deceased might have sent her; that he did know deceased gave her twenty dollars to go back to Colorado on. The witness stated that deceased was living in Neodesha, Kansas, at the time of the accident and had been there "a little over a year"; that deceased took his stepson into his home and "took care of him and looked after him."

On July 17, 1963, the trial judge entered an order finding, among other things, that deceased's accident was on February 2, 1962, when the evidence showed it to be February 2, 1963, and that deceased left surviving him his widow, "whose whereabouts are unknown and has failed to file a claim on her behalf. That the deceased also left as his legal dependent heirs, his father, Thomas L. Lemmons and his mother Doris Lemmons," and ordered that the claim of claimants "should be abated for the balance of the period to which the widow is entitled to file a claim."

This order was vacated by the court en banc on appeal and remanded with instructions "to hold further order until such time as final determination may be had of all issues."

On February 18, 1964, the trial judge entered an order correcting the date of the accident and found, among other things, as follows:

"That said Thomas H. Lemmons, left surviving him his widow, Jacqueline Dickerson Lemmons, whose whereabouts are unknown; that no application or claim has been filed for or on behalf of Jacqueline Dickerson Lemmons, widow of the deceased, Thomas H. Lemmons, and the court concludes, as a matter of law, that the said Jacqueline Dickerson Lemmons, is precluded from bringing a compensation claim for the death of her said husband.

"That said Thomas H. Lemmons, deceased, also left as his legal dependent heirs his father, Thomas L. Lemmons, and his mother Doris Lemmons. That no administrator or personal representative has been appointed to the estate of said deceased, Thomas H. Lemmons, and that this action is brought in the name of Thomas L. Lemmons, father of the deceased, and Doris Lemmons, mother of the deceased, who are proper parties as dependent heirs."

an ordered an award of $13,500.00 paid to claimants. The order was affirmed on appeal to the court en banc.

Employer and its insurance carrier, Security Insurance Company of Connecticut, bring this original proceeding to review the award of the lower court, and for vacation of the same advance the following three propositions:

1. Where there is a surviving spouse of a deceased employee, the parents of the deceased are not dependent heirs under the death benefit provisions of the Workmen's Compensation Law.

2. The evidence is insufficient to support a finding that the parents of

the deceased workman were dependents, within the intent of the Workmen's Compensation Law.

3. The parents of a deceased workman are not proper parties to maintain a claim for death benefits under Workmen's Compensation Law where the workman is survived by a wife.

While a finding by the trier of the facts that the father-claimant had suffered a pecuniary loss upon the death of his son might find support in the evidence of contributions made by the son to his father as shown in this record, we find that a proper and final disposition of this case may be made upon due consideration of petitioners' third proposition.

■ The right to a recovery for death exists only by statute and as set forth in 12 O.S.1961, § 1053, and in the death benefit provisions of the Workmen's Compensation Law, 85 O.S.1961, § 1 et seq. Herndon v. Dolton-Barnard Hardware Company, Okl., 289 P.2d 970.

12 O.S.1961, § 1053 provides:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action had he lived, against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two years. *The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin;* to be distributed in the same manner as personal property of the deceased." (Emphasis ours.)

■ The purpose of the death benefit provisions of the Workmen's Compensation Act was to provide a substitute remedy for the wrongful death statute insofar as causes of action arise from death to workmen employed in hazardous employment. Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134.

■ In Capitol Steel & Iron Co. v. Fuller, supra, and in Mid-Continent Petroleum Corp. v. Mullen, 206 Okl. 636, 245 P.2d 1142, this Court held that the persons entitled to prosecute a proceeding in the State Industrial Court for death benefits under 85 O.S.1961, § 22, subdiv. 7, supra, remained the same as those theretofore given a cause of action by virtue of 12 O.S.1961, § 1053, supra.

In the early case of Shawnee Gas & Electric Company v. Motesenbocker, 41 Okl. 454, 138 P. 790, it was held that only two persons could maintain a death action in a representative capacity, namely: the personal representative of a deceased, or if none such has been appointed (as in the case at bar) the widow of the deceased. If there be neither personal representative nor widow, then the action may be prosecuted by the next of kin.

In the cases of Potter v. Pure Oil Co., 182 Okl. 509, 78 P.2d 694, and Sanders v. Chicago, R. I. & P. Ry. Co., 66 Okl. 313, 169 P. 891, this Court held that in order for a death action to be brought and maintained by the widow or next of kin, it is necessary to allege and prove that no personal representative is or has been appointed.

■ These rules are applicable to death actions and to claims for death benefits under the Workmen's Compensation Law alike. E. G. Nicholas Construction Co. v. State Industrial Commission, 207 Okl. 428, 250 P.2d 221.

■ From 12 O.S.1961, § 1053, supra, and the above authorities, we hold that in the present case, since there had been no personal representative of the deceased appointed, the next person in line and entitled to bring the action for a recovery for the death of the deceased was the widow.

In Capitol Steel & Iron Co. v. Fuller, supra, in referring to and discussing the

sections of the death benefit act above set forth, the Court said:

"* * * It must be always borne in mind that the injured employee's cause of action for damages for personal injuries was and is one at common law, now abrogated by the Workmen's Compensation Law, but that the right of others to recover for his death is purely statutory and exists in this jurisdiction solely by virtue of 12 O.S. 1941 sec. 1053. St. L. & S. F. Ry. Co. v. Goode, 42 Okl. 784, 142 P. 1185, L.R.A.1915E, 1141. No cause of action for death is created by Art. XXIII sec. 7 (originally or as amended) or by the Workmen's Compensation Law which now applies to and controls both causes of action. This last mentioned law does not and cannot create either. Therefore, those persons entitled to recover on either cause of action (personal injury or death) remain the same. Section 1053 of Title 12 O.S.1941, provides that damages recoverable for death 'must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin'. The amount recoverable is measured by the pecuniary loss each sustains by reason of the death. The total amount of such recovery is now fixed at $13,500 by the Workmen's Compensation Law as authorized by the 1950 amendment to Art. XXIII sec. 7, Const. The parties entitled to participate therein remain the same."

■ Therefore since, under the above language and authorities, the only persons entitled to recover under the death benefit provisions of the Act are the same as those entitled to recover damages under 12 O.S. 1961, § 1053, Jacqueline Lemmons, as the surviving wife of the deceased, is the only person entitled to maintain and recover death benefits herein since next of kin, such as the claimants, may only recover under the statute in the event deceased left no surviving spouse or dependent children. Flanigan v. Lincoln Construction Company, Okl.,

288 P.2d 1112. See also, Bartlett v. Chicago R. I. & P. Ry. Co., 21 Okl. 415, 96 P. 468; Missouri Kansas & Texas R. Co. v. Canada, 130 Okl. 171, 265 P. 1045, 59 A.L. R. 743.

Claimants, in their brief, also quote 12 O.S.1961, § 1053, and agree that the widow is an heir at law within the meaning of the statute, but contend that she was not "dependent" upon deceased because she had not been heard from since September, 1962. She had been separated from her husband since May or June of 1961; that "although her husband had been dead for a year at the time of the last hearing, she has not appeared or made any effort to do so"; that there were no children; that claimants were dependent heirs of deceased, and therefore they were entitled to the award.

Dependency is not an issue, as has been heretofore demonstrated; however, claimants cite no statute of the State of Oklahoma, or any other authority, that where a deceased employee leaves surviving him a widow and the widow fails to make a claim for compensation under the death benefit provisions of the Workmen's Compensation Act, and there are no children to make a claim, that the next of kin are entitled to a beneficial interest which they could not acquire had the legal beneficiary chosen to present her claim regardless of how "dependent" the next of kin had been of deceased. See Mid-Continent Petroleum Corp. v. Mullen, supra.

■ There is no evidence that the widow did not sustain a pecuniary loss by her husband's death; in fact, there is a presumption of a "substantial loss" to a widow or to minor children when the husband or father dies. Missouri, Kansas & Texas R. Co. v. Canada, supra.

The only witness, claimant-father, acknowledged that he did not know if the deceased and widow lived together after she moved to Colorado and that he didn't know what their relation was.

The widow corresponded with deceased by mail on January 10, 1962, some six months after the separation, testified to by

claimant-father; she corresponded with deceased's lawyer in September, 1962, approximately four months prior to the death of her husband; the deceased was a truck driver traveling from place to place with his last permanent address at Neodesha, Kansas; he could have been seeing his wife at numerous times and contributing to or completely supporting her. The Industrial Court was not authorized to find that the widow suffered no pecuniary loss as a result of the death of her husband, which finding inheres in its award of benefits to decedent's father and mother.

Claimants urge, in essence, that since the widow has not come forward and filed a claim and shown she was dependent on deceased, "as a matter of law" she "is precluded from bringing a compensation claim * * *."

There is no authority cited, and we know of none, which compels a widow to make a claim for benefits under the Compensation Act, if for any reason she desires not to, and if she does not that the next of kin may be substituted in her stead. For instance, in this case, what if the widow is incompetent and was so at the time of her husband's death or was incompetent during the statutory period of time in which she could file a claim. Are we to say she would be "precluded" from bringing a compensation claim?

Claimants cite Zackery v. Royal Indemnity Co., 80 Ga.App. 659, 56 S.E.2d 812, in which a widow waived her claim and the award was made to a dependent mother. Claimants say that case is "strikingly similar to this."

The Georgia case was based on the statutes of that state and is therefore not applicable here.

12 O.S.1961, § 1054, provides:

"In all cases where the residence of the party whose death has been caused as set forth in the preceding section (1053) of this article is at the time of his death in any other State or Territory, or when, being a resident of this State, no personal representative is or has been appointed, the action provided in the said section may be brought by the widow, *or where there is no widow, by the next of kin of such deceased.*" (Emphasis ours.)

 Under the present law, since the undisputed evidence is that deceased left a surviving spouse, the claimants, as surviving parents, are not proper parties to maintain an action for death benefits under the Workmen's Compensation Act.

Since the award must be vacated for the above reasons, it is unnecessary to comment on petitioners' first and second contentions.

Award vacated.