**ARMOUR AND COMPANY, an Own Risk Carrier, Petitioner,**

**v.**

**William I. STRICKLAND, Respondent.**

**No. 41478.**

Supreme Court of Oklahoma.

Feb. 22, 1966.

Rehearing Denied March 22, 1966.

Application for Leave to File Second Petition for Rehearing and Second Petition for Rehearing Denied April 11, 1966.

Rinehart & Morrison, Oklahoma City, for petitioner.

Childers & Keller, Oklahoma City, Eph Monroe, Clinton, for respondent.

IRWIN, Justice.

On July 3, 1953, Della Strickland sustained an accidental injury while employed by Armour and Company, herein referred to as Petitioner. The State Industrial Court found that as a result of said injury, Della Strickland was totally and permanently disabled and an award was entered granting her compensation for such disability. On review to this Court, the award was sustained (See Armour and Company v. Strickland, Okl., 283 P.2d 538) and the same has been paid in full. On December 26, 1963, Della Strickland died.

On February 28, 1964, William Strickland, the surviving husband of Della Strickland, filed a claim for death benefits on behalf of himself and the surviving children. This claim was predicated on the alleged grounds that the accidental injury sustained by Della Strickland on July 3, 1953, resulted in her death on December 26, 1963.

After hearing, a Judge of the State Industrial Court entered an order, the pertinent parts being as follows:

"That on or about July 3, 1953, the deceased, Della Mae Strickland, sustained an accidental personal injury arising out of and in the course of her hazardous employment with the above-named respendent, which was adjudicated under case No. C–41315 wherein the Court determined that as a result of said injuries Della Mae Strickland was permanently and totally disabled for the performance of ordinary manual labor.

"That on February 28, 1964, William L. Strickland caused to be filed before this Court a Form 3a Claim for compensation on behalf of himself and his son, Bobby Kiser, his daughter, Peggy Strickland Stevens, his son, James Strickland, his daughter, Joyce Strickland, his daughter, Sarah Strickland, and his daughter, Mary Strickland; that said action is properly brought by and on behalf of the above-named since no administrator, executor or personal representative has been appointed for the estate of Della Mae Strickland, deceased.

"The Court further finds that as a result of said injury on July 3, 1953, the deceased, Della Mae Strickland, continued and remained permanently and totally disabled and partially paralyzed for and during the remainder of her life, which terminated on December 26, 1963.

"That as a result of said injuries and the necessary subsequent treatment therefor Della Mae Strickland died on December 26, 1963 at Clinton, Oklahoma and that said death was caused by the continuous periods of inactivity, lack of exercise, altered functions of the kidneys and bladder, and the malfunctions of said organs, which said disabilities were the direct result of the injury of July 3, 1953 and which said injuries accelerated and precipitated the death of Della Mae Strickland on December 26, 1963.

"That the deceased, Della Mae Strickland, left as her sole and dependent heir as defined by the workmen's compensation laws of the State of Oklahoma said minor daughter, Mary Strickland; that Mary Strickland is entitled to the full $13,500 death benefit provisions of the

workmen's compensation laws of the State of Oklahoma."

Petitioner appealed to the State Industrial Court en banc where the order was adopted and affirmed. Petitioner commenced this original proceeding for a review of the order granting death benefits to decedent's minor daughter, Mary Strickland.

The first proposition raised by Petitioner is that the claimant's medical testimony fails to establish any causal relationship between the injury and the death of the deceased.

The pertinent part of the claimant's medical report is as follows:

"After the review of the findings upon my last examination and a further review and consideration of the findings set out in Dr. Appleton's examination and being further advised as to the periods of hospitalization and inactivity upon the part of Mrs. Strickland it is my opinion that there is a definite causal relationship connecting the death of Mrs. Strickland on December 26, 1963, with the accidental injury she sustained on July 3, 1953.

"It is my further opinion, that the continued and continuous periods of inactivity, lack of exercise, altered functions of the kidneys and bladder caused by the injury and the necessary treatment had accelerated and precipitated the death of Mrs. Strickland which occurred on December 26, 1963. As expressed by Dr. Appleton, I, too, am surprised that Mrs. Strickland lived as long as she did with the multiple malfunctions of her body as caused by the accidental injury of July 3, 1953."

Petitioner seems to argue that its medical report should be given more weight since the claimant's medical report was made from an examination of the deceased shortly after her injury in 1953 and from the facts recited in a letter written by the claimant's attorney in the form of a hypothetical question. This Court has held many times that it will not weigh conflicting medical evidence and if there is any competent evidence supporting the findings of the State Industrial Court, it will not be disturbed on review. Hyde Construction Co. v. Sparks, Okl., 385 P.2d 495. There is competent evidence in the instant case that the injury sustained by the decedent in 1953 resulted in her death in 1963.

Petitioner next contends that Mary Strickland, a minor, was not a "dependent heir at law" in contemplation of the death benefits section of the Workmen's Compensation Act inasmuch as she did not suffer a pecuniary loss as a result of the death of her mother.

In connection with this contention, petitioner, in effect, argues that it is necessary for claimant to establish that she was a "dependent heir at law" at the time of death of her mother in order to be entitled to recover death benefits. To sustain this argument, petitioner states: "It has been held in the recent case of Roberts v. Merrill, Okl., 386 P.2d 780, that the right to recover death benefits was a right that did not accrue until the death occurred, therefore, could not be abrogated until after the death had occurred. This being the case, all of the elements of the right of action must exist at the time that the right accrues. Therefore, it would be essential that the claimants establish that at the time of death they were 'dependent heirs at law' of the deceased, i. e., sustained a pecuniary loss as a result of the death of the deceased."

It is to be noted in the order under review that the claim for death benefits was filed by William Strickland, the surviving husband of Della Strickland, on behalf of himself and decedent's surviving children. However, the trial judge found that Mary Strickland, a minor daughter of decedent, was the only person entitled to the award. Although most, if not all of decedent's children were minors on July 3, 1953, when Della Strickland sustained the accidental injury, all of the children had attained their majority on or before Decem-

ber 26, 1963, when decedent died, except Mary Strickland, who was approximately 16 years of age. Therefore, whether the surviving husband or any of the other surviving children would or would not have been entitled to a proportionate share of the award is not an issue to be considered or determined in this appeal as no appeal was perfected from the order denying them any part of the award.

It necessarily follows that we are not herein concerned with a situation where the State Industrial Court awarded death benefits to an individual who was a minor at the time his or her parent sustained an accidental injury and had attained his or her majority before the parent died as a result of the accidental injury, but a case where a minor had not attained her majority before her parent died as a result of an accidental injury.

The record discloses that Della Strickland, the decedent, applied substantially all her earnings and services toward the health, education and welfare of her family before she sustained her accidental injury. Such injury destroyed her ability to work and resulted in her death approximately ten years later. Decedent's daughter, Mary Strickland, for whose benefit the instant award was made, was approximately six years of age when the accidental injury occurred and was approximately sixteen years of age when her mother died as a result of the accidental injury.

This Court has held that a substantial loss will be presumed in an action by a minor child for the death of a parent. Missouri-Kansas-Texas Ry. Co. v. Canada, 130 Okl. 171, 265 P. 1045, 59 A.L.R. 743; Tackett v. Tackett, 174 Okl. 51, 50 P.2d 293; and Belford v. Allen, 183 Okl. 256, 80 P.2d 671.

Petitioner argues that since the deceased was unable to do work of any nature from the time she sustained her accidental injury to the time of her death and contributed nothing to the family coffer during such time, that any presumption that the minor, Mary Strickland, sustained a pecuniary loss was clearly overcome. To follow this theory would mean that where a parent's ability to work and provide for his minor child had been destroyed by an accidental injury which resulted in his death, that the period of disability should be considered in determining whether or not the minor child had sustained a pecuniary loss as a result of the death of his or her parent. Such a rule would result in a grave injustice and would not be in keeping with the purposes for which the Death Benefit Act was enacted.

In Roberts v. Merrill, Okl., 386 P.2d 780, we held that the restrictive conditions of Title 85 O.S.1961, Sec. 22, Subdiv. 7, which bars the right to effectively pursue a remedy after the passage of the time periods fixed therein, is beyond the legislative authority. However, in enacting this legislation, the Legislature was cognizant of the fact that an injured employee might be unable to provide for his family after an accidental injury, yet provided that death benefits be paid to the dependents in case of death of the employee as a result of the accidental injury.

Title 10 O.S.1961, Sec. 4, provides that a parent entitled to the custody of a child must give him support and education suitable to his circumstances and if the support and education which the father is able to give are inadequate, the mother must assist him to the extent of her ability. In the instant action, Della Strickland, prior to her accidental injury contributed to the support and education of Mary Strickland to the extent of her ability. Although the accidental injury, which resulted in her death, destroyed her ability to continue such contributions, we can find no logical reason or statutory authority why her inability to continue to contribute to the support of her minor daughter should inure to the benefit of the Petitioner.

In Sipes v. Sipes, Okl., 335 P.2d 640, the decedent, who had been divorced and remarried, had failed to contribute to the support of his minor daughters during the last five years of his life. In sustaining an

award for death benefits in favor of decedent's surviving spouse and minor daughters which was challenged by the surviving wife, we held:

> "The surviving minor children of a deceased father who was divorced from their mother will be treated as his dependents for the purpose of awarding death benefits under the Workmen's Compensation Act, notwithstanding the deceased failed to comply with the provisions of a divorce decree directing him to pay support for their benefit."

■ We therefore conclude that where an employee sustains an accidental injury which results in his or her death, a minor child of the decedent is presumed to have sustained a pecuniary loss as a result of the death of his parent and will be treated as a "dependent heir at law" of decedent under the death benefit provisions of the Workmen's Compensation Act, notwithstanding the fact that decedent was unable and did not contribute to the support of the minor child after sustaining the accidental injury.

Mary Strickland was a minor when her mother died as a result of the accidental injury. It is presumed that she sustained a pecuniary loss and is to be treated as a "dependent heir at law" of decedent under the death benefit provisions of the Workmen's Compensation Act, notwithstanding the fact that her mother was unable and did not contribute to her support after sustaining the accidental injury.

The last contention of petitioner is that the order is vague and indefinite and that it cannot be determined whether dependency or pecuniary loss was determined as of the date of the injury or as the date of death of deceased.

■ Since we have heretofore determined that the minor, Mary Strickland, is to be treated as a "dependent heir at law" of decedent, notwithstanding the fact that her mother was unable and did not contribute to her support after sustaining the accidental injury, it was unnecessary for the trial tribunal to determine whether dependency or pecuniary loss was sustained as of the date of the injury or as of the date of decedent's death.

Award sustained.

JACKSON, V. C. J., and DAVISON, WILLIAMS, HODGES and LAVENDER, JJ., concur.

BLACKBIRD and BERRY, JJ., dissent.