WILDLIFE CONSERVATION COMMISSION — AUTHORIZED EXPENDITURE OF WILDLIFE CONSERVATION FUNDS The Wildlife Conservation Commission may expend wildlife conservation funds for the control, management, restoration, conservation and regulation of the bird, fish, predatory animals, game and wildlife resources of the State, including the acquisition of property for said purpose, and for the administration of the laws pertaining thereto and for no other purpose. It is the responsibility of the Commission to determine if a specific expenditure is in fact for one or more of the above mentioned purposes. The Attorney General has considered your letter of February 4, 1971, wherein you, in effect, ask the following question: "May the Oklahoma Wildlife Conservation Commission expend wildlife conservation funds for a scientific survey of attitudes toward wildlife conservation among Oklahoma citizens?" Article XXVI of the Oklahoma Constitution, adopted July 3, 1956, created the Department of Wildlife Conservation and prescribed its duties. The Department is governed by the Wildlife Conservation Director, subject to the rules and regulations promulgated by the Wildlife Conservation Commission. Article XXVI, Section 4 entitled "Disposition of Funds", states: "The fees, monies, or funds arising from the operation and transactions of said Commission and from the application and the administration of the laws and regulations pertaining to the bird, fish, game and wildlife resources of the State and from the sale of property used for said purposes shall be expended and used by said Commission for the control, management, restoration, conservation and regulation or the bird, fish, game and wildlife resources of the State, including the purchase or other acquisition of property for said purposes, and. for the administration of the laws pertaining thereto and for no other purpose." (Emphasis added) Subsequent to the adoption of Article XXVI, Section 4 the Legislature enacted a series of statutes whose purpose was, as stated in 29 O.S. 121 [29-121] (1961), "to vitalize Article XXVI of the Oklahoma Constitution." Title 29 O.S. 126 [29-126] (1961) establishes a "Wildlife Conservation Fund" and provides in part: "(a) There is hereby created in the State Treasury a revolving fund to be known as the Wildlife Conservation Fund, which shall consist of all moneys heretofore or hereafter appropriated to, or on deposit in, or credited to the State Game and Fish Fund created by 29 O.S. 115 [29-115] (1951), and, in addition thereto, all license fees for hunting and fishing, and all penalties, fines, and forfeitures collected by the State or any subdivision thereof, or any public official, or any other person, for the violation of the game and fish laws of this State, and all donations for such purposes, and all moneys received by the Department or appropriated by the Legislature for the use of the Department; provided, however, that all fees, moneys, or funds arising from the operation and transactions of the Commission and from the application and the administration of the laws and regulations pertaining to the bird, fish, game and wildlife resources of the State and from the sale of property used for said purposes shall be paid into a separate account within the Wildlife Conservation Fund and shall be expended and used by said Commission for the control, management, restoration, conservation and regulation of the bird, fish, predatory animals, game and wildlife resources of the State, including the purchase or other acquisition of property for said purposes, and for the administration of the laws pertaining thereto and for no other purpose. "(b) The expenditures of the Wildlife Conservation Fund shall be under the control and supervision of the Oklahoma Wildlife Conservation Commission . . . ." (Emphasis added) It follows, therefore, from both the Oklahoma Constitution and Statutes that for the expenditure in question or any other expenditure to be permissible, it must serve to further the "control, management, restoration, conservation and regulation" of the State's wildlife resources. The interpretation of these words must be consistent with recognized rules of constitutional construction. The Oklahoma Supreme Court adhered to an established principle when, in the case of Mid-Continent Petroleum Corporation v. Mullen,206 Okl. 636, 245 P.2d 1142, it stated: "A constitutional amendment should be construed in the light of its purpose and given a practical interpretation so that the plainly manifest purpose of those who adopt it may be carried out." The Court further held in the case of City of Shawnee v. Williamson, Okl., 338 P.2d 355, that: "A construction of a constitutional provision must not be so strict or technical as to defeat the evident object and purpose of its adoption." It thus appears that the words "control, management, restoration, conservation and regulation" must be construed broadly enough to effectuate the purposes of the provision and not restricted to technical definitions. This conclusion is reinforced by the language of Article XXVI and 29 O.S. 126 [29-126] (1961), supra, which give the Wildlife Conservation Commission discretionary powers over the promulgation of rules governing the Department and the control of its funds, respectively. With regard to a specific expenditure of funds, it is the responsibility of the Wildlife Conservation Commission to determine if such expenditure is for "the control, management, restoration, conservation and regulation of the bird, fish, predatory animals, game and wildlife resources of the State" and "for no other purpose';. Such a decision is an administrative function of the Commission. However, the Commission should be reminded that administrative decisions are subject to judicial review. It is therefore the opinion of the Attorney General that your question be answered as follows: The Wildlife Conservation Commission may expend wildlife conservation funds for the control, management, restoration, conservation and regulation of the bird, fish, predator animals, game and wildlife resources of the State, including the acquisition of property for said purpose, and for the administration of the laws pertaining thereto and for no other purpose. It is the responsibility of the Commission to determine if a specific expenditure is in fact for one or more of the above mentioned purposes. (Robert H. Mitchell) T ** SEE: OPINION NO. 71-444 (1972) **