OPTOMETRISTS — REGULATION The decision of the Supreme Court of Oklahoma in State of Oklahoma, ex rel. The Board of Examiners in Optometry v. John G. Lawton, 523 P.2d 1064 in ruling unconstitutional 59 O.S. 594 [59-594] (1971) had no affect as to the validity or constitutionality of the remaining sections of that act codified as Sections 59 O.S. 594 [59-594], 59 O.S. 595 [59-595], 59 O.S. 596 [59-596] and 59 O.S. 97 [59-97] of the same Title. The Attorney General is in receipt of your opinion request in which you ask the following question: "Does the decision of the Supreme Court of the State of Oklahoma in the case of State of Oklahoma ex rel. The Board of Examiners in Optometry vs. John G. Lawton, No. 45380 rendered on June 11, 1974, wherein Title 59 Oklahoma Statutes 1971, Section 594[59-594] was held to be unconstitutional, have any effect as to the validity or constitutionality of Sections 593, 595, 596 and 597 of Title 59, Oklahoma Statutes, 1971?" The above referenced Supreme Court opinion may now be found in the Pacific Reporter at 523 P.2d 1064. This opinion held in effect that 59 O.S. 594 [59-594] (1971) was unconstitutional in that it was vague and am biguous and did not provide the due process requirements guaranteed by the Constitution of the United States. No other sections of the Oklahoma Statutes were held unconstitutional and in order to answer your question, we must now look to the entire act as passed of which Section 594 was a part. This act was passed by the Thirty-third Legislature, First Regular Session, 1971 as Senate Bill 173 which provides as follows: "SECTION 1. It is the public policy of the State of Oklahoma that optometrists rendering visual care to its citizens shall practice in an ethical, professional manner; that their practices be free from any appearance of commercialism; that the visual welfare of the patient be the prime consideration at all times; and that optometrists shall not be associated with any nonprofessional person or persons in any manner which might degrade or reduce the quality of visual care received by the citizens of this state. (Now codified as 59 O.S. 593 [59-593] (1971)) "SECTION 2. No optometrist, licensed under Chapter 13 of Title 59 of the Oklahoma Statutes, shall practice his profession adjacent to or in such geographical proximity to a retail optical outlet, optical store, optical dispensary or any establishment where optical goods and materials are purveyed to the public so as to induce patronage for himself thereby. (Now codified as 59 O.S. 594 [59-594] (1971)) "SECTION 3. No optometrist, licensed under Chapter 13 of Title 59 of the Oklahoma Statutes, shall enter into any agreement, contract, arrangement, practice, or understanding, written or otherwise, with any optical supplier engaged in the sale of optical goods and materials to the public, whereby persons are referred by the optical supplier to said licensed person, and/or whereby persons are referred back to the optical supplier for the purchase of optical goods and materials. (Now codified as 59 O.S. 595 [59-595] (1971)) "SECTION 4. It shall be unlawful for any optometrist to render optometric care in any retail, mercantile establishment which sells merchandise to the general public; and it shall be unlawful for any person to display, dispense, sell, provide or otherwise purvey to the public, prescription eyeglasses, prescription lenses, frames or mountings for prescription lenses, within or on the premises of in any manner, any retail or mercantile establishment in which the majority of the establishment's income is not derived from the sale of such prescription optical goods and materials. (Now codified as 59 O.S., 596 (1971)) "SECTION 5. Violation of the provisions of this act shall be a misdemeanor. If violation hereof is by a licensed optometrist the same shall constitute grounds for revocation of such license whether or not he may be also charged with a misdemeanor. The Board of Examiners in Optometry shall determine the existence of a violation of this act by an optometrist and shall proceed with revocation under powers granted to said Board and in accordance with procedure prescribed in Section 585 of Title 59 of the Oklahoma Statutes. Said Board may make rules necessary for the enforcement of this act so long as such rules are not inconsistent with the provisions of this or any other law of this state. (Now codified as 59 O.S. 597 [59-597] (1971)) "SECTION 6. The provisions of this act are severable and if any part or provision hereof shall be held void the decision of the court so holding shall not affect or impair any of the remaining . parts or provisions of this act. (Not codified) "SECTION 7. The provisions of this act shall be cumulative to other laws. (Now codified as 59 O.S. 598 [59-598] (1971))" The rules to be followed in answering your question have been set out by the Supreme Court of Oklahoma in the case of Sterling Refining Co. v. Walker, 165 Okl. 45, 25 P.2d 312 and as reaffirmed in Englebrecht v. Day, 201 Okl. 585, 208 P.2d 538. In Englebrecht, supra, the court stated: " 'The unconstitutionality of a portion of an act of the Legislature does not defeat or affect the validity of the remaining provisions unless it is evident that the Legislature would not have enacted the valid provisions with the invalid provisions removed if with the invalid provisions removed the rest of the act is fully operative as a law.' (Citations omitted) " 'The effect of a provision in an act to the effect that the invalidity of any part or portion thereof shall not affect the remaining portions is to create a presumption that, omitting unconstitutional portions, the remaining portions would have been enacted by the Legislature.' " Examining this act then, it is clear that though uncodified, Section 6 of the act was a severability clause which under the second paragraph of the rules quoted above dictate that a presumption is to be entertained that the Legislature would in fact have passed the remaining portions of this act notwithstanding the invalidity of one section thereof. We must now then only look to determine if with the invalid provisions removed the rest of the act is fully operative as a law. As can be readily seen from the act itself, there are three prohibitive sections of the act, Sections 2, 3, and 4. Section 2 was held unconstitutional by the above referenced case. Sections 3 and 4 concern themselves with separate and distinct matters the violation of which also may be penalized as provided in Section 5 and the omission of Section 2 in addition does not do violence to Section 1 stating the public policy of the State of Oklahoma. It is, therefore, the opinion of the Attorney General that your question be answered in the negative in that the decision of the Supreme Court of Oklahoma in State of Oklahoma, ex rel. The Board of Examiners in Optometry v. John G. Lawton, 523 P.2d 1064 in ruling unconstitutional 59 O.S. 594 [59-594] (1971) had no affect as to the validity or constitutionality of the remaining sections of that act codified as Sections 59 O.S. 594 [59-594], 59 O.S. 595 [59-595], 59 O.S. 596 [59-596] and 59 O.S. 597 [59-597] (1971) of the same Title. (James H. Gray)